United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MANUEL FRANCO, *et al*.,

        Defendants.

_____/

No. CR 08-0730 WHA

**ORDER DENYING DEFENDANT MANUEL FRANCO'S UNTIMELY MOTIONS TO DISMISS AND MOTION TO SUPPRESS**

On January 18, 2011, defendant Manuel Franco filed a motion to dismiss for failure to state a claim (Dkt. No. 3033). The motion is **DENIED**. The deadline for motions to dismiss was February 22, 2010 — over eleven months ago (Dkt. No. 1921). Although the government filed a bill of particulars on April 26, 2010, defendant Franco's motion does not explain why the motion could not have been brought earlier in the proceedings and is not based on any new developments that have occurred since April 26, 2010. Moreover, the motion's challenge to count four is an attempt to relitigate the same issues previously raised by defendant Moris Flores (Dkt. No. 1856). Defendant Flores' motion — which defendant Franco joined — was fully considered and ruled upon six months ago (Dkt. No. 2084). Defendant Franco has not provided any ground for reconsideration of that ruling.

Similarly, defendant Franco's motion to dismiss for "outrageous government misconduct" — filed on January 21, 2011 — is **DENIED** (Dkt. Nos. 3035, 3089). The motion provides absolutely no explanation for its late filing eleven months after the deadline for motions to dismiss and is based on events that occurred well before the deadline.

**United States District Court**
For the Northern District of California

1    Defendant Walter Cruz-Zavala's motion to join in defendant Franco's motions to dismiss

2    is also **DENIED** (Dkt. No. 3093).  The joinder motion provided no explanation as to how the

3    motions to dismiss — largely based on defendant Franco's alleged role as a confidential

4    informant — apply to defendant Cruz-Zavala.

5    Finally, defendant Franco's motion to suppress filed on January 27, 2011, is **DENIED**.  The

6    deadline for motions to suppress by non-death eligible defendants was July 27, 2010 (Dkt. No.

7    1921).  The motion offers no explanation for why it should be considered six months after the

8    deadline.  The undersigned has made clear that tardy suppression motions will not be considered

9    without adequate explanation for the late filing.  Indeed, two months ago, defendant Jose

10   Quinteros' suppression motion was denied as untimely, as was his motion to reconsider that

11   ruling (Dkt. Nos. 2634, 2681).

12

13   **IT IS SO ORDERED.**

14

15   Dated:  January 27, 2011.

16   _____
     WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

2