IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL FRANCO, *et al*.<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER RE DEFENDANT FRANCO'S RECONSIDERATION APPLICATION** |

     Defendant Manuel Franco applies for leave of court to reconsider its denial of his untimely motions to dismiss and suppression motions (Dkt. No. 3520). In the alternative, the application asserts that counsel for defendant Franco must be relieved should the undersigned refuse to reconsider the order. The latter request for relief of counsel is **DENIED**. The application provides no cognizable basis for this request and the request simply appears to be an attempt to "encourage" reconsideration of the untimely motions regardless of whether such reconsideration is warranted.

     As an initial matter, counsel's claim that the Court has "overlooked" the fact that defendant Franco *previously* filed a motion to dismiss "in a timely fashion" is at best a non-starter. As counsel concedes, defendant Franco's prior motion to dismiss, filed almost over a year ago, was also denied almost over a year ago. Counsel cites no authority for the proposition her tardy motions to dismiss and suppression motion may be deemed timely because a timely motion to dismiss was previously filed and denied.

Nonetheless, to the extent the application for reconsideration is based on the assertion that despite due diligence of counsel the untimely motions could not have been brought prior to the filing deadlines (February 22, 2010, for motions to dismiss, and July 27, 2010, for suppression motions), counsel may submit a sworn declaration and appropriate exhibits to cure the unsupported explanation for late filing in the application for reconsideration. Specifically, the submission must detail what evidence critical to the motion was received *after* the filing deadlines. The submission must be sufficiently detailed so that the Court will be able to individually assess why each of the motions could not have been filed earlier. The submission must be filed by **MONDAY, FEBRUARY 21 AT NOON**. If no further submission is received by that time, the application for reconsideration will be deemed to have been withdrawn.

Although the government is typically not required to respond to an application for reconsideration, the government is requested to respond to defense counsel's reconsideration application by **THURSDAY, FEBRUARY 24 AT NOON** to address any claims regarding the timing of productions by the government.

**IT IS SO ORDERED.**

Dated: February 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2