GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green LC
155 Montgomery Street, Suite # 901
San Francisco CA 94104
Tel: (415)982-2600
Fax: (415)358-4562
greenlaw700@gmail.com
gerilynngreen@gmail.com

Attorney for Defendant
MANUEL FRANCO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>       Plaintiff,<br>    v.<br><br>IVAN CERNA, et al. (Manuel Franco ),<br><br>       Defendant. | Case No. 08-0730-WHA<br><br>**REMINDER OF PENDING APPLICATION, ECF 3520,  REQUESTING LEAVE OF COURT TO RECONSIDER COURT'S DENIAL OF DEFENDANT'S MOTIONS TO DISMISS AT ECF 3033 AND 3089,  AND MOTION TO SUPPRESS AT ECF 3154 ON THE GROUNDS OF UNTIMELINESS** |

Please consider this writing Mr. Franco's renewed request for a determination regarding his pending request for leave to file a motion for reconsideration under Civil Local Rule 7-9, as made applicable to criminal cases through Criminal Local Rule 2-1.  Docket 3520 (filed February 16, 2011).

As Mr. Franco's trial date is fast approaching, it is incumbent for this Court to determine whether it will reconsider the denial of Defendant Franco's motions for dismissal and suppression of his statements as untimely, or will provide the defendant the opportunity for the adjudication of the issues contained within these motions.

In the event that this Court determines these motions are untimely, and therefore will not

be adjudicated, Counsel renews her motion to be relieved, as Mr. Franco's right to a fair trial and adequate assistance of counsel will be precluded if his Counsel has waived the defenses and issues contemplated within these critical motions.

## PROCEDURAL HISTORY

On January 18, 2011 and January 21, 2011 respectively, Mr. Franco filed a motion to dismiss based on "outrageous government misconduct" and a motion to dismiss for failure to state a claim. On January 27, 2011, Mr. Franco filed a motion to suppress. The motions were based on the analysis of newly translated wire tap recordings, which demonstrated the extent to which Mr. Franco acted as a government informant.

On January 27, 2011, the Court denied both motions to dismiss as untimely because they were filed beyond the February 22, 2010 deadline set in Docket 1921. The Motion to Suppress was denied as untimely as well. Docket No. 3161.

On February 16, 2011, Mr. Franco requested leave of court to reconsider the denial of his Motions to Dismiss and Motion to Suppress, as well as reconsideration of the Court's denial of those motions as untimely. Mr. Franco provided a declaration outlining how the government's delay in providing discovery critical to these motions, combined with the late receipt of Franco's translated recordings due in part to CJA funding constraints, prevented timely filing of these motions. Mr. Franco reminded the Court that a previous motion to dismiss was filed prior to the deadline, and the subsequent motion was filed as soon as was possible following the receipt and analysis of the critical new materials. Docket No. 3520.

On February 17, 2011, the Court found that Counsel's description of the substantial delays in receiving pivotal discovery, discovery which was the basis for the motion to suppress and to dismiss, was not adequate to support the late filing of her motions and invited a further showing. Docket No. 3525.

On March 02, 2011, Mr. Franco's counsel filed under seal a declaration further detailing and demonstrating the basis for the untimely motions to dismiss and suppress. The government did not respond. The Court vacated the March 22, 2011 hearing on the motion and stated that the parties would be notified if a hearing was needed. Docket No. 3590.

## ARGUMENT

Notwithstanding more than a year of defense counsel's requests, the essential discovery proving that Mr. Franco was indeed working for the FBI and SFPD infiltrating this organization and authorized to engage in the very acts he was charged with, was not revealed by the Government until February 4, 2010.

Once revealed, the recordings evidencing Mr. Franco's work with the Government were in Spanish.

Almost immediately upon being provided with the fact of the existence of the recordings, Mr. Franco moved for a continuance, or alternatively for dismissal. This Court denied the motions in an under seal Order dated April 09, 2010, concluding that Mr. Franco had not been so severely prejudiced by the failure of the government to disclose these materials so as to warrant dismissal of the indictment.

The Government's actions of obscuring the fact and breadth of Mr. Franco's work for the first 16 months of the case served its purpose, and impeded counsel's ability to engage in meaningful representation of her client.

Upon receipt of this material, Counsel immediately moved to have the recordings translated. Mr. Franco is indigent and counsel is appointed through the Criminal Justice Act as indigent counsel. Accordingly, Counsel, at the request of the CJA coordinator in order to save court resources, applied in conjunction with the other defendants for authorization to have those recordings along with other recordings requested by the other defendants translated.

This Court required defense counsel to engage in a lengthy and laborious process before funding the request. In March of 2010, following a CJA funding request for translation and transcription services, the district court referred all parties to Magistrate Laurel Beeler for a recommendation as to how to solve discovery problems concerning the Spanish-language audio recordings which are now a crucial part of the evidence in this case. Docket No. 1444.

After months of waiting, this Court finally granted the funding request in mid-year and the translation process began. Without the recordings translated it was impossible to file a meaningful motion, incorporating the multitude of exculpatory information, a quagmire the Court was well aware. Without these translations, counsel was unable to determine the extent or

true nature of Mr. Franco's work for the Government.  She was unable to discuss this essential information with her client, investigators, paraprofessionals, or determine what kind of experts would be necessary for defense of the case.   She was unaware of the precise nature of defenses available, and the evidence she would need to put forth in support of those defenses.

As for the actual translated transcripts, Mr. Franco received the first batch July 30, 2010. Some of the most critical translations, for instance the "X" series, Mr. Franco's body wires, were not received until October 06, 2010.  In January of 2011, despite still having not received translations of some of Mr. Franco's recordings, counsel filed Mr. Franco's motions to dismiss and motion to suppress statements to be heard at the pretrial conference.

A determination that Mr. Franco has waived his right to raise these defenses because he could not raise them in time, specifically as a result of the Government's misdeeds, is indeed prejudice.   Therefore, he must be afforded the appropriate remedy, a dismissal, hearings on his motions, or alternatively, new effective and competent counsel must be appointed to represent Mr. Franco.

After all, counsel is not asking herein for the motions to be granted, just an opportunity to have the motions heard and ruled on based upon their merits.

**A.  Motions to Dismiss**

 "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J*, *Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

On February 18, 2010, before the Court's February 22, 2010 deadline to bring all Motions to Dismiss, Defendant Franco filed under seal a MOTION TO DISMISS, OR IN THE ALTERNATIVE CONTINUE THE TRIAL AND MOTIONS DATE, based on severe prejudice by the Government's withholding and concealment of crucial exculpatory evidence in violation of *Brady*.

In that motion Mr. Franco noted that in addition to withholding critical FBI reports (178 pages detailing 72 instances of debriefings, consensual monitored calls and body wires showing

Mr. Franco's long term work as an FBI informant until as late as December 17, 2009 (some eight months after this Court's deadline to produce discovery), the government also buried hundreds, perhaps thousands, of hours of recordings, all in un-translated Spanish, in the 32,000 recordings it produced; recordings which we only now know were made by Mr. Franco in the course of his work as an informant.

On April 09, 2010, as detailed above, the Court determined that Franco "ha[d] more than five months to prepare for trial, he ha[d] not been so severely prejudiced by the failure of the government to disclose these materials sooner as to warrant dismissal of the indictment".

The ruling on Mr. Franco's February 18, 2010 Motion to Dismiss indicated that he would be afforded an opportunity to properly litigate his case, thereby avoiding a manifestly unjust result. In fact, many of the deadlines had already passed. The Court's subsequent decision to deny his motions as untimely is indeed such a manifestly unjust result that warrants reconsideration.

Clearly, Mr. Franco has been prejudiced by the Government's misdeeds and therefore must be afforded the appropriate remedy, a dismissal or hearing on his motions. If the Court's denial of this motion stands, this in effect finds that counsel is ineffective and competent counsel must be appointed to represent Mr. Franco.

### B. Motion To Suppress

On January 26, 2011, Mr. Franco filed a motion to suppress his statements based on the newly received translations of Mr. Franco's extensive work on behalf of the government.

There remains the procedural requirement that the voluntariness of Mr. Franco's statements must be determined *before* trial. See *Crane v. Kentucky* 476 US 683 (Sup.Ct.1986), (holding that to assure that statements that are the result of interrogation techniques that offend our system of justice are never used to secure a conviction, due process requires that a jury not hear a confession unless the trial judge has determined that it was freely and voluntarily given.)

Federal Rules of Criminal Procedure Rule 12(b)(3)(c) requires that all motions to suppress evidence be made before trial. This Court set out that "Suppression Motions" must be brought my July 27, 2010. Docket 1921. However, this Scheduling Order failed to distinguish between

suppression motions brought under the Fourth Amendment, and those that refer to statements under the Fifth and Sixth Amendments.

Case in point, Ms. Schwartz, Counsel for a severed co-defendant in this case, has recently filed a suppression motion which was denied as untimely, and in her request for reconsideration argues that it is reasonable to differentiate suppression motions stemming from the Fourth Amendment, as distinct from motions to exclude statements under the Fifth and Sixth Amendments. Docket No. 4557.

Ms. Schwartz points out that each suppression motion filed by a co-defendant in this case in response to the July 15, 2010 date related exclusively to Fourth Amendment violations and did not seek to exclude statements. See Docket Nos. 4557, 2001, 2000, 1998, 1996, 1994, 1993, 1992, 1991, 1983. Additionally, co-defendants in this case filed various pretrial motions to suppress or exclude statements, including excluding statements made by the moving defendant, which were filed 28 days prior to the pretrial conference, and heard by this Court as pretrial motions. Docket Nos. 2917, 2918, 2921.

## **CONCLUSION**

For the above reasons, and the reasons provided in Docket 3520 and the under seal declaration and exhibits in support thereof, Mr. Franco renews his request for the following: 1) Leave of This Court to reconsider the denial of his Motions to Dismiss and Motion to Suppress; 2) Reconsideration of that denial and a hearing on the merits of the Motions; and 3) In the alternative, to relieve Counsel of Record in the above captioned matter.

Respectfully Submitted,

DATED: July 01, 2011          LAW OFFICES OF GERI LYNN GREEN $_{LC}$

By: __/s/_____
    GERI LYNN GREEN
    Attorney for Defendant
    MANUEL FRANCO