IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MANUEL FRANCO, *et al.*,<br><br>    Defendants.<br>                                          / | No. CR 08-0730 WHA<br><br>**UPDATED SCHEDULING ORDER<br>FOR DEFENDANT MANUEL FRANCO** |

This scheduling order sets deadlines for severed defendant Manuel Franco and, to that extent, supersedes earlier scheduling orders (Dkt. Nos. 4999, 5075). No further modification of the deadlines will be permitted absent a clear showing of good cause. Where counsel is uncertain about a deadline or believes deadlines conflict, it is counsel's burden to seasonably bring the matter to the undersigned's attention.

**1.    TRIAL DATE.**

As previously specified, defendant Franco will proceed to trial on **JANUARY 4, 2011** (Dkt. No. 5328). The trial date is firm and will not be continued unless counsel demonstrates good cause via proper motion. Counsel are reminded, however, that the Court previously held long ago that all were prepared to proceed to trial on March 7, 2010 (Dkt. No. 3395).

**2.    PRETRIAL CONFERENCE AND PRETRIAL MOTIONS.**

The pretrial conference will be held on **DECEMBER 14 AT 1:30 P.M.** (Dkt. No. 5328). All motions to be heard at the pretrial conference must be filed no later than **NOVEMBER 30 AT**

**NOON**.  Responses to any pretrial motions must be filed by **DECEMBER 7 AT NOON**.  Replies must be filed by **DECEMBER 9 AT NOON**.

### 3. MOTIONS DIRECTED AT THE PLEADINGS.

The deadline for all motions directed at the third superseding indictment has passed (Dkt. Nos. 851, 998, 1921, 2513, 4999).

### 4. MOTIONS TO SUPPRESS.

The deadline to submit suppression motions has passed (Dkt. Nos. 851, 998, 1921, 2285, 2513, 4999).

### 5. RULE 12.1, 12.2, AND 12.3 NOTICES.

The deadline for defense notice required by Rules 12.1, 12.2, and 12.3 has passed (Dkt. Nos. 4999, 5075).

### 6. GOVERNMENT REQUEST FOR COURT-ORDERED MENTAL EXAMINATION.

Any motion by the government for a court-ordered mental examination must be filed by **NOVEMBER 30 AT NOON**.  Defendant Franco and the government should endeavor to stipulate to the contours and conduct of any such examination, if one is ordered.

### 7. EXPERT DISCLOSURES.

The deadline for government and defense expert disclosures (including reports and summaries) has passed (Dkt. Nos. 1921, 2513, 4999, 5071, 5075, 5291).  Similarly, the deadline for *Daubert* and other objections to already-disclosed experts has passed and all such motions were ruled on long ago (Dkt. Nos. 2102, 2185, 2265, 2781, 3050, 5249).

Nonetheless, the parties have been given until **NOVEMBER 16 AT NOON** to file any motion to submit late expert disclosures (Dkt. No. 5291).  Any such motion must be accompanied by a sworn declaration from counsel specifying the purported reason why counsel could not have — despite due diligence — disclosed the expert material earlier.

### 8. NON-EXPERT DEFENSE RECIPROCAL DISCLOSURES.

The deadline for non-expert Rule 16 defense reciprocal disclosures has passed (Dkt. Nos. 4999, 5075).

**9.     RULE 404(B) NOTICE AND CO-CONSPIRATOR STATEMENT SUMMARIES.**

By **NOVEMBER 23 AT NOON**, the government must fully comply with all requirements of Local Rule 16-1(c). The government must disclose: (1) a summary of any evidence of other crimes, wrongs, or acts which it intends to offer under FRE 404(b), which is supported by documentary evidence or witness statements in sufficient detail such that the undersigned may rule on the admissibility of the proffered evidence; and (2) a summary of any co-conspirator's statement the government intends to offer under FRE 801(d)(2)(E) in sufficient detail such that the undersigned may rule on the admissibility of the statement.

Any motions challenging such evidence must be noticed for hearing at the pretrial conference, pursuant to the deadlines and briefing schedule outlined above in Section Two.

**10.     FINAL GOVERNMENT EXHIBIT LIST AND WITNESS LIST.**

By **DECEMBER 14 AT NOON**, the government must provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses. If the list exceeds 50 names, then the list must also set forth the first fifteen witnesses and the government's first fifteen witnesses will be limited to those fifteen.

**11.     *HENTHORN* MATERIAL.**

All *Henthorn* material on all law enforcement witnesses whom the government anticipates calling should have already been produced to defense counsel as the deadline for such production occurred prior to the first severance of defendant Franco (Dkt. Nos. 1921, 2513, 4999). If, however, the government has additional *Henthorn* material to produce, it must do so by **DECEMBER 14 AT NOON.** If the government seeks *in camera* review of "close-calls" in its *Henthorn* review, it must provide the undersigned with ample time to review the records.

**12.     *BRADY* MATERIAL.**

As stated numerous times before, it is up to the government to ensure that all *Brady* information is produced in time for its effective use at trial. At a minimum, however, the government must produce non-Jencks *Brady* material by **DECEMBER 14**.

All non-Jencks *Brady* information for witnesses the government eventually elects *not* to call must be disclosed as soon as the government makes the election and in all events *at least*

3

1 **SEVEN CALENDAR DAYS** before the government rests its case in chief. If it has or does subpoena them, the government must keep such witnesses under subpoena so that defendants shall, when the time comes, be in a position to call them in the defense case without delay.*

   **13.    TRANSLATIONS/TRANSCRIPTIONS.**

The proponent of a translation and/or transcription of a conversation or statement to be used at trial must notify the other side *in writing* at least **FIVE CALENDAR DAYS** before showing it to the jury and must produce with the notice a *fresh copy* of the proposed translation/transcription. The fact that a copy was previously provided in discovery will not satisfy this requirement. The notice must identify the sponsoring witness and should be a stand-alone notice and should not be buried in an email or letter covering multiple items.

By **5 P.M.** on the **SECOND CALENDAR DAY** following the notice, any objection must be submitted in writing, specifying the particular passages in question and stating the objecting party's alternative reading (or saying it is inaudible). This objection need not be filed but must be served. The parties are then to endeavor to resolve any disagreement. If the parties cannot come to an agreement, any unresolved objection for the Court's consideration must be filed by **NOON** the day before the transcript is sought to be shown to the jury.

**IT IS SO ORDERED.**

Dated: November 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

    * Example: Civilian witness can inculpate Defendant A and exculpate Defendant B. Prosecutor decides not to call witness after all but knows (or agent knows) witness can exculpate B. Prosecutor must not release witness from subpoena and must advise B's counsel of exculpatory evidence. *Giglio* material need not be produced for police witnesses the government elects not to call.