GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>     v.<br><br>MANUEL FRANCO,<br><br>            Defendant. | No. CR 08-0730 WHA<br><br>**MOTION *IN LIMINE* # 17**<br><br>**DEFENDANT MANUEL FRANCO'S MOTION TO EXCLUDE UNDISCLOSED RULE 404(b) "OTHER ACTS" EVIDENCE**<br><br>Date:  December 14, 2011<br>Time:  1:30 p.m.<br>Dept:  Hon. William Alsup |

**I.     INTRODUCTION**

Defendant Manuel Franco hereby moves to exclude all Federal Rule of Evidence 404(b) "other acts" evidence, on the ground that the Government did not disclose a summary of any evidence of other crimes, wrongs, or acts which it intends to offer under Rule 404(b) by the Court's November 23, 2011 deadline.  See Updated Scheduling Order for Defendant Manuel Franco (Dckt. No. 5329), at 3. Accordingly, the Court should exclude all such evidence from trial unless the Government shows good cause for missing the Court's deadline and provides immediate notice sufficient to permit Mr. Franco to make pretrial challenges to any such evidence.

Mr. Franco anticipates that the Government will respond, as it has to his co-defendants, that it did not provide notice because, absent a triggering event for propensity evidence, it will not introduce any Rule 404(b) evidence and will only introduce evidence that constitutes direct proof of, or is "inextricably intertwined" with, the crimes charged.  However, given that Mr. Franco has already provided notice that he will likely assert the defense of entrapment, see Defendant Manuel Franco's Factual Support for Requested Entrapment and Duress Instructions (Dckt. No. 5064), the Government cannot avoid its

obligation to provide notice of all Rule 404(b) evidence it intends to introduce, including solely as rebuttal evidence to show that Mr. Franco was predisposed to commit the charged crimes.

Further, Mr. Franco disputes the anticipated Government assertion that it will only introduce evidence that constitutes direct proof and/or is "inextricably intertwined" with the crimes charged against him. While Mr. Franco cannot know all the evidence of his acts that the Government will attempt to introduce, and thus reserves the right to make specific challenges at trial, he challenges the following as neither direct proof of, nor "inextricably intertwined" with, the charged crimes:

> Any evidence that Mr. Franco was involved in the killing of a Samoan in retaliation for the injuries the Samoan had inflicted on Mr. Franco's wife.

Putting to one side the lack of any evidence produced by the Government to support this accusation against Mr. Franco, the Government has never claimed that this alleged killing was anything but personal in nature. While the lack of evidence that any killing ever occurred makes it difficult to prove that it was not "inextricably intertwined" with the charged crimes, the Government has provided no reason to believe that either the injuries inflicted upon Mr. Franco's wife or the alleged retaliatory killing had any connection to the charged conspiracies. Therefore, Mr. Franco moves to exclude any and all evidence supporting this accusation as unnoticed Rule 404(b) evidence.

**II.     ARGUMENT**

**A.     Exclusion of Unnoticed Other Acts Evidence as Propensity Evidence**

Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The rule goes on to state that such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Id.

The Ninth Circuit has repeatedly explained that the limitations of Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced the defendant is a bad man deserving of punishment." United States v. Hill, 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation

marks omitted); see also United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994) (noting that the reluctance to sanction the use of other-acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").  Due to the danger that the jury will be swayed to convict a defendant based upon uncharged conduct, the Ninth Circuit has mandated that "the use of such evidence must be narrowly circumscribed and limited."  United States v. Bailleux, 685 F.2d 1105, 1109 (9th Cir. 1982).

Under the terms of Rule 404(b), the Government must affirmatively articulate its intention to introduce other-acts evidence, including reasonable notice in advance of trial (unless excused for good cause) of the general nature of any such evidence it intends to introduce at trial.  United States v. Vega, 188 F.3d 1150, 1152-53 (9th Cir. 1999).  Similarly, the Northern District of California Local Rule 16-1(c)(3) requires the Government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FRE 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence."  Crim. L.R. 16-1(c)(3); see also Mayans, 17 F.3d at 1183 (explaining that without adequate disclosure by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)).

Failure to provide adequate notice, or obtain an excuse from the district court, "renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment."  Vega, 188 F.3d at 1153.  The notice requirement also applies to evidence that might be offered "for possible rebuttal."  Id. at 1154.  As set out in the advisory committee's notes to the 1991 amendment to Rule 404(b):

> The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, *i.e.*, during its case-in-chief, for impeachment, or for possible rebuttal.  The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness.  Because the notice requirement serves as a condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Fed. R. Evid. 404(b), advisory comm.. n. to 1991 amend.  Moreover, merely "providing such evidence to the defense in discovery is not enough to satisfy the notice requirements of Rule 404(b), which requires

the government specifically to disclose 'the general nature of any such evidence it intends to introduce at trial.'" United States v. Spinner, 152 F.3d 950, 961 (D.C. Cir. 1998).

Here, the Government has not provided any notice to Mr. Franco concerning Rule 404(b) evidence. Further, Mr. Franco anticipates that the Government will disclaim any intention of introducing Rule 404(b) evidence at trial, as it did to his co-defendants, and will instead maintain that all of the evidence it will seek to introduce "constitutes either direct proof of the charged offenses and/or are inextricably intertwined with the charged offenses so that they do not constitute evidence of other acts under Rule 404(b)." Government's Notice Pursuant to Fed. R. Evid. 404(b) (Dckt. 3021), at 1.

If this is in fact its position, the Government should be prohibited from introducing any other acts evidence, under Rule 404(b), as rebuttal evidence to Mr. Franco's likely entrapment defense in order to show that Mr. Franco was predisposed to commit the charged crimes. As Ninth Circuit precedent makes clear, compliance with Rule 404(b)'s notice requirement is not only a condition precedent for admission of evidence in the Government's case-in-chief; it applies equally to evidence that the Government may offer for possible rebuttal. Vega, 188 F.3d at 1153-54.

The Government cannot claim to be surprised that Mr. Franco may assert an entrapment defense, as he provided notice of his likely defenses months prior to the Court's deadline. See Defendant Manuel Franco's Factual Support for Requested Entrapment and Duress Instructions (Dckt. No. 5063). Thus, the Government's failure to provide notice of any Rule 404(b) evidence should foreclose its use of any such evidence as propensity evidence against Mr. Franco.

**B.     Exclusion of Unnoticed Other Acts Evidence of Alleged Shooting of Samoan**

As stated above, Mr. Franco anticipates that the Government will disclaim any intention to introduce Rule 404(b) evidence, and maintains that it will only introduce direct proof of the charged offenses and evidence that is "inextricably intertwined" with those offenses. It is true that Rule 404(b)'s notice requirement does not apply to evidence that directly goes to "an essential element of the charged crime," United States v. Martinez Rodriguez, 472 F.3d 1087, 1091 (9th Cir. 2007), or that is "inextricably intertwined with a charged offense," United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (internal quotation marks omitted). There are two categories of evidence that may be considered "inextricably intertwined" with the charged offenses: (1) evidence that "constitutes a part of the transaction that serves as the basis for the criminal charge;" and (2) evidence that is "necessary . . . to

permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." DeGeorge, 380 F.3d at 1220 (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)).

The problem with the Government's anticipated position is that it assumes the grounds in contention, as it may be the case that some uncharged incidents in the more than four gigabytes of discovery produced thus far are sufficiently distinct from the charged crimes to require notice under Rule 404(b) as a precondition for admission. The purpose of the notice requirement is to enable the parties to litigate this issue in advance of trial to facilitate a pretrial ruling by the Court as to whether evidence will or will not be admitted. Suffice it to say, if it asserts that none of its evidence falls within the ambit of Rule 404(b), the Government cannot later complain should any evidence specifically challenged at trial be excluded as unnoticed Rule 404(b) evidence.

Reserving the right to make specific challenges to other evidence at trial, Mr. Franco moves to exclude, as unnoticed Rule 404(b) evidence, any evidence that Mr. Franco was involved in the killing of a Samoan in retaliation for the injuries the Samoan had inflicted on Mr. Franco's wife. Putting aside the lack of any evidence to support this accusation,[1] the Government has never claimed that the alleged killing was motivated by anything other than personal retribution for harm inflicted upon Mr. Franco's wife. Nor is there any evidence that the allegedly dead Samoan was perceived to be a rival gang member, or that the injuries he inflicted upon Mr. Franco's wife had anything to do with MS-13 or with any of the charged conspiracies.

While it is somewhat surreal to be arguing that a killing that did not happen was not "inextricably intertwined" with the charged offenses, the accusations made by the Government thus far do not show that any evidence of this alleged killing would constitute direct proof of the charged offenses or evidence "inextricably intertwined" with those offenses. As stated above, there is no evidence that this alleged crime was committed in furtherance of any of the charged conspiracies. Further, the unrelated killing of a person not alleged to have had any connection to the charged conspiracies, motivated by harm caused

---

[1] As explained in more detail in Mr. Franco's Seventh motion *in limine*, the Government has provided no evidence that this incident ever occurred, other than Mr. Franco's uncorroborated statement to law enforcement that he knew about the killing of a Samoan who had harmed his wife, but had nothing to do with it. In fact, the defense investigation has revealed that the man of Samoan descent who inflicted injuries on Mr. Franco's wife in June of 2008 is very much alive today. See Declaration of Raylene Samson in support of Mr. Franco's seventh motion in *limine*.

to Mr. Franco's wife, is too far removed from the charged offenses to be "inextricably intertwined" with them as "part of the transaction that serves as the basis" for those charges. Nor is it necessary for the prosecutor to offer a coherent story regarding the charged offenses, as evidence of this alleged killing would not be needed to aid the jury in understanding the circumstances of the acts forming the basis of the charges. See DeGeorge, 380 F.3d at 1220.

Therefore, any evidence that Mr. Franco was involved in the killing of a Samoan as retribution for injuries inflicted upon his wife should be excluded as unnoticed Rule 404(b) evidence.

### III.   CONCLUSION

For the foregoing reasons, Mr. Franco respectfully requests that the Court grant his motion *in limine* to exclude all evidence of other crimes, wrongs or acts by him as unnoticed Rule 404(b) evidence, including any evidence that the Government may intend to offer in rebuttal as propensity evidence, and specifically, any evidence that Mr. Franco was involved in the killing of a Samoan as retribution for injuries inflicted upon his wife.

Respectfully submitted,

DATED: November 30, 2011

LAW OFFICES OF GERI LYNN GREEN, LC

By:_____/s/_____
  GERI LYNN GREEN
  Attorney for Defendant
  MANUEL FRANCO