GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MANUEL FRANCO,<br><br>　　　　　　Defendant. | No. CR 08-0730 WHA<br><br>**MOTION *IN LIMINE* # 20**<br><br>**DEFENDANT MANUEL FRANCO'S MOTION TO EXCLUDE OR LIMIT ALL EVIDENCE OF STATEMENTS OR ACTS OCCURING BEFORE HE REACHED THE AGE OF MAJORITY**<br><br>Date:　December 14, 2011<br>Time:　1:30 p.m.<br>Dept:　Hon. William Alsup |

## I.　INTRODUCTION

Defendant Manuel Franco hereby moves to exclude any and all evidence of acts or statements by him or by his alleged co-conspirators that took place prior to September 15, 2003, the day Mr. Franco turned eighteen years old, under Federal Rule of Evidence ("FRE") 403, on the ground that he cannot be held criminally liable for acts that occurred prior to reaching the age of majority, and thus the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  To the extent that such evidence pertains to the crimes or other bad acts of the Government's witnesses against him, Mr. Franco requests that the Court limit its use for purposes of impeachment**.**

Alternatively, Mr. Franco moves to exclude all evidence of the use or possession of firearms by Mr. Franco or by his alleged co-conspirators occurring before he turned eighteen years old, under FRE 403, on the ground that such evidence is inadmissible to prove up the substantive firearms offense

charged against him in Count Four of the Third Superseding Indictment, and the probative value of such evidence to prove up the charged conspiracies is substantially outweighed by the danger of confusion of the issues and misleading the jury.

In the alternative, Mr. Franco requests that the Court give a limiting instruction to the jury, instructing them on the limited purposes for which evidence of pre-majority conduct may be considered.

**II.     ARGUMENT**

### A.     Exclusion of Evidence of Acts or Statements by Mr. Franco and/or by his Alleged Co-Conspirators Occurring Prior to September 15, 2003

An adult defendant cannot be convicted solely on the basis of acts of juvenile delinquency, defined as violations of federal law committed by a person prior to his eighteenth birthday. See 18 U.S.C. § 5031.  Because Mr. Franco did not reach his eighteenth birthday until September 15, 2003, any crimes he committed prior to that date are acts of juvenile delinquency, and he could not have joined any of the charged conspiracies as a matter of law.  Thus, in order to obtain a conviction, the Government must prove all the elements of the charged conspiracies after the date Mr. Franco reached the age of majority.  See United States v. Delatorre, 157 F.3d 1205, 1209 (10th Cir. 1998) ("[A] jury may not convict an adult defendant solely on the basis of 'acts of juvenile delinquency,' thereby eviscerating the protections afforded juveniles under the [Juvenile Delinquency Act].  Instead, the jury must find post-majority conduct sufficient to establish that defendant participated in the conspiracy or racketeering enterprise after attaining the age of eighteen").

In this case, the Government alleged that Mr. Franco did not join the charged conspiracies until after he attained the age of majority, on or about 2004, see Bill of Particulars (Dckt. No. 1655), at 2, and based on the discovery produced thus far, it does not appear that the Government intends to introduce evidence of any pre-majority conduct by Mr. Franco.  However, the Government has introduced evidence regarding his alleged co-conspirators that took place prior to his eighteenth birthday, for which he also cannot be held substantively liable.

Mr. Franco submits that the probative value of any such evidence—regarding both his own conduct and the conduct of his alleged co-conspirators prior to his attaining the age of majority—would be substantially outweighed by the danger of unfair prejudice, confusion of the issues and/or misleading

the jury. Concededly, such evidence may be relevant to show Mr. Franco's knowledge and understanding about the charged conspiracies after he reached the age of majority, and the Eleventh Circuit has held that such evidence is admissible to prove the scope of conspiracy. See United States v. Cruz, 805 F.2d 1464, 1476 (11th Cir. 1986). However, this limited probative value is substantially outweighed by the danger that Mr. Franco will be unfairly prejudiced by being convicted based these acts and statements that occurred when he was a juvenile, for which he cannot be held criminally responsible. Further, given the large amount of evidence of acts and statements by various alleged co-conspirators, some occurring before Mr. Franco reached the age of majority, and others after, there is also a serious risk that the jury will be confused as to which evidence may be considered for which purpose, increasing the likelihood that Mr. Franco will be convicted based on acts that occurred before he turned eighteen.

To the extent that the Government seeks to admit evidence pertaining to crimes or other acts committed by its own witnesses before Mr. Franco reached the age of majority, he requests that the Court give a limiting instruction to the jury immediately following its presentation to advise that such evidence may only be considered for impeachment purposes. Fed. R. Evid. 105. Specifically, Mr. Franco requests the following instruction:

> You have heard evidence that [*describe evidence received*]. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness. I instruct you that this evidence is only admitted for that limited purpose and, therefore, you must consider it only for that purpose and not for any other purpose.

See Ninth Circuit Model Jury Instructions 2.11, 4.8.

For the foregoing reasons, the Government should not be permitted to introduce evidence of acts or statements that occurred when Mr. Franco was a juvenile, except to the extent that such evidence is admitted to impeach the credibility of the Government's witnesses against him.

**B.    Exclusion of Evidence of Firearms Use or Possession by Mr. Franco and/or by his Alleged Co-Conspirators Occurring Prior to September 15, 2003**

In the alternative, Mr. Franco moves to exclude any and all evidence of the use or possession of firearms by Mr. Franco or by his alleged co-conspirators occurring before he turned eighteen years old, under FRE 403, on the ground that such evidence is inadmissible to prove up the substantive firearms offense charged against him in Count Four, and the limited probative value of such evidence to prove up

the conspiracies charged in Counts One through Three is substantially outweighed by the danger of unfair prejudice, confusion of the issues and/or misleading the jury.

Count Four charges Mr. Franco with using or possessing a firearm in furtherance of the charged conspiracies, which is a substantive offense, and not an ongoing conspiracy. See Third Superseding Indictment (Dckt. No. 658), at 31-32. As the Court has previously held, "acts and statements that occurred prior to the defendants' age of majority, however, are not admissible to prove up the substantive counts." See Omnibus Order re Pretrial Motions (Dckt. No. 3644), at 4. Therefore, any evidence that Mr. Franco or any of his alleged co-conspirators used or possessed firearms before Mr. Franco reached the age of majority are inadmissible against him to prove up the substantive firearms offense charged in Count Four. While such evidence would be slightly relevant to the conspiracy charges, at least to the extent that it would be probative of Mr. Franco's knowledge and understanding of the scope of the conspiracies before he allegedly joined them, this marginal probative value is substantially outweighed by the risk that Mr. Franco will be unfairly prejudiced by being convicted on Count Four based solely on conduct that occurred when he was a juvenile. There is also a substantial danger that the jury will be confused as to which charges this evidence may be considered, increasing the probability that Mr. Franco would be convicted on Count Four based on inadmissible evidence.

Thus, even assuming *arguendo* that the Court will permit the introduction of some evidence of pre-majority conduct of Mr. Franco and/or his alleged co-conspirators, the Government should be prohibited from introducing any evidence of firearm use or possession that took place prior to September 15, 2003.

**C.     Limiting Instruction Prior to Admission of Pre-Majority Evidence**

In the alternative, Mr. Franco requests that the Court give a limiting instruction to the jury immediately preceding the presentation of any such evidence to advise the jury that it may only be considered for limited purposes. While Mr. Franco does not concede that a limiting instruction will cure any prejudice arising from the admission of such evidence, he nonetheless requests that the Court give the instruction that it gave at the April 2011 trial in this matter. See Final Charge to the Jury (Dckt. No. 4989), at 31-32.

Mr. Franco also requests that the Court give the following instruction on each occasion when evidence is presented to the jury concerning an act of firearms use or possession that transpired prior to September 15, 2003:

> Manuel Franco is charged in Count Four with possession or use of a firearm in furtherance of the conspiracies charged in Counts One, Two, and Three. You are about to hear evidence that [Mr. Franco] [one of the alleged conspirators] possessed or used a firearm on a date prior to Mr. Franco's eighteenth birthday. You cannot consider evidence of this act of possession or use of a firearm as proof of the offense charged against Mr. Franco in Count Four.

Mr. Franco submits that such an instruction is warranted due to the heightened risk of unfair prejudice and confusion of the issues with respect to evidence such as this, which is inadmissible with respect to at least one of the charges against him.

### III.   CONCLUSION

For the foregoing reasons, Mr. Franco respectfully requests that the Court grant his motion *in limine* to exclude all acts or statements by him or by his alleged co-conspirators that took place prior to September 15, 2003, or alternatively, to exclude all evidence of firearms use or possession occurring prior to that date. In the alternative, Mr. Franco requests that the Court give the requested limiting instruction on each occasion that such evidence is presented to the jury.

Respectfully submitted,

DATED: November 30, 2011

LAW OFFICES OF GERI LYNN GREEN, LC

By:_____/s/_____
GERI LYNN GREEN
Attorney for Defendant
MANUEL FRANCO

GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MANUEL FRANCO,<br><br>　　　　　Defendant. | No. CR 08-0730 WHA<br><br>**MOTION *IN LIMINE* # 20**<br><br>**DECLARATION OF GERI LYNN GREEN IN SUPPORT OF DEFENDANT MANUEL FRANCO'S MOTION TO EXCLUDE OR LIMIT ALL EVIDENCE OF STATEMENTS OR ACTS OCCURING BEFORE HE REACHED THE AGE OF MAJORITY**<br><br>Date:　December 14, 2011<br>Time:　1:30 p.m.<br>Dept:　Hon. William Alsup |

I, Geri Lynn Green, declare:

1. I am the attorney of record for Defendant MANUEL FRANCO.

2. I have personal knowledge of the following facts, and could testify competently under oath concerning them.

3. I am informed and believe, based on my review of records including Mr. Franco's birth certificate and translation thereof, that he was born on September 15, 1985.

　　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 30, 2011, at San Francisco, California.

　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　Geri Lynn Green