GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
gerilynngreen@gmail.com
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>   v.<br><br>MANUEL FRANCO,<br><br>  Defendant. | No. CR 08-0730 WHA<br><br>**MOTION *IN LIMINE* # 22**<br><br>**DEFENDANT MANUEL FRANCO'S MOTION FOR LIMITING INSTRUCTIONS REGARDING EVIDENCE OF FIREARMS POSSESSION**<br><br>Date:  December 14, 2011<br>Time:  1:30 p.m.<br>Dept:  Hon. William Alsup |

**I.     INTRODUCTION**

Defendant Manuel Franco hereby moves the Court for a limiting instruction advising the jury that they may not consider three alleged incidents of firearms possession by Mr. Franco as proof of the substantive firearms offense charged against him in Count Four of the Third Superseding Indictment, on the ground that these three alleged incidents were neither charged in the Indictment nor described in any of the Government's bills of particulars.

Mr. Franco anticipates that the Government will attempt to elicit testimony regarding the first two alleged incidents through cooperating witness Walter Palma, and testimony regarding the third alleged incident through cooperating witness Jose Espinal.[1]

---

[1] This motion is filed in the alternative to Mr. Franco's Motion *in Limine* #8, to preclude Walter Palma from testifying, and his Motion *in Limine* #21, to preclude Jose Espinal from testifying regarding the April 22, 2008 incident.

Specifically, Mr. Franco seeks a limiting instruction regarding immediately preceding testimony regarding the following alleged incidents:

(1) Walter Palma's alleged sale of a .45 caliber firearm to Manuel Franco and Moris Flores, through Edwin Ramos, in 2008;

(2) Manuel Franco's alleged possession of a .45 caliber firearm in Moris Flores's automobile, in approximately April 2008,[2] during an incident where Mr. Flores allegedly accidentally discharged a .22 caliber firearm inside the vehicle, narrowly missing Guillermo Herrera;

(3) Manuel Franco's alleged participation in "showing" a .357 caliber firearm and a "small" firearm on April 22, 2008, during an incident where Mr. Flores allegedly provides these firearms to Jose Espinal, Jonathan Cruz-Ramirez, Carlos Flores, and "Droops."

The Court has repeatedly held that the general language of Count Four of the Indictment is too vague to provide the defendants with sufficient notice to prepare a defense, and thus ordered bills of particulars to provide the defendants with enough detail to fairly apprise them of the incidents of possession or use of firearms with which they were charged.

Because these three alleged incidents were not described in the Indictment or in any of the court-ordered bills of particulars, Mr. Franco requests that the Court limit consideration of them for the conspiracy counts, as it did in response to a similar motion by Mr. Franco's co-defendant, Moris Flores. See Order Granting Motion for Limiting Instruction re Defendant Flores' Firearms Possession in Two Instances (Dckt. No. 4495).

**II.   ARGUMENT**

On September 16, 2009, the Court issued its Omnibus Order re Stage Two Motions, which included the Court's rulings concerning defendants' various motions for bills of particulars concerning the Second Superseding Indictment. In this order, the Court held:

> Count Four, the firearms count, is also too vague. It currently charges 19 defendants with using or possessing unidentified guns at an undetermined time since 'the late 1990s,' and it charges each defendant with both principal liability and aiding and abetting. Defendants cannot prepare a defense against such vague allegations. Unlike Counts 1-3, Count 4 is not alleged under a theory of conspiracy liability, and the Government must plead enough detail for each defendant charged in Count 4 as if each were

---

[2] During the April 2011 trial, Mr. Palma testified that, as best as he could recall, this incident occurred, "about four months . . . before my arrest" [in August 2008]. Reporter's Transcript ("R.T."), Vol. 39, 7741.

> charged in a separate count. Specifically, the Government must plead enough detail to fairly apprise each defendant of the incidents of possession or use with which he is charged. . . . [and] must clarify whether each defendant is charged with carrying, possessing, brandishing, or discharging a gun or guns; whether each is charged with direct or constructive possession, or both; whether each is charged with principal liability, aiding and abetting, or both; and where known, the model of each weapon.

See Omnibus Order re Stage Two Motions (Dckt. No. 632), at 4-5.

On September 25, 2009, the Government filed a pleading in which they asserted that due to the filing of the Third Superseding Indictment, "the Government respectfully submits that particularization of the Second Superseding Indictment has been mooted." See United States Bill of Particulars Submission (Dckt. No. 656), at 1. Based on this assertion, the Government declined to comply with the Court's ruling. On March 26, 2010, the Court issued a second order directing the Government to file a bill of particulars, noting that it had failed to comply with the Court's prior order on the issue:

> The third superseding indictment realleges Count Four using substantially identical language as that used in the second superseding indictment. Although it incorporates new overt acts, some of which involve allegations about firearms, it does not answer the questions that the Government was previously ordered to clarify. The Government's contention that the previous bill of particulars is moot is therefore incorrect. The Government must still provide a bill of particulars for Count 4 as previously ordered.

See Order re Motions for Bills of Particulars and Discovery re Third Superseding Indictment (Dckt. No. 1604), at 4-5.

Following the Court's second order, on April 26, 2010, the Government filed a Bill of Particulars. As to the Count Four charge against Mr. Franco, the Government indicated that he is charged with directly and constructively carrying and possessing a firearm, and with being both a principal and aiding and abetting. See Bill of Particulars (Dckt. No. 1655), at 9. Concerning specific instances when Mr. Franco allegedly possessed a firearm, the Bill of Particulars only stated that he possessed a handgun in 2005 "for use of the gang," that he helped purchase firearms for the gang on April 21, 2006—when he was a FBI informant—and that he paid gang dues at meetings used to buy handguns. Id. at 13. Thus, Mr. Franco was not alleged to have directly possessed any guns in 2008, and nothing in the Bill of Particulars even vaguely resembles the accusations to which Mr. Palma and Mr. Espinal testified.

On August 11, 2010, the Court issued an order denying Mr. Flores's motion to dismiss Count 4,

but again requiring the Government to produce further particulars with respect to Count Four, including with respect to Mr. Franco, ordering further specificity with respect the allegation that he possessed a handgun in 2005.  <u>See</u> Order for More Particulars and Otherwise Denying Motion to Dismiss Count 4 (Dckt. No. 2084), at 9.

On September 19, 2010, the Government filed a corrected bill of particulars, which indicated that Mr. Franco is also charged with being a principal for the brandishing or discharging of firearms, and specified that Mr. Franco's allegedly possessed a gun for the gang in or around July 2005.  <u>See</u> Government's Corrected Further Bill of Particulars for Count Four (Dckt. No. 2263), at 2-3.  Again, the Government included no mention of the incidents about which Mr. Palma and Mr. Espinal have testified, all of which allegedly occurred approximately two years after the most recent allegations against Mr. Franco.

Because the Government failed to provide notice of any of these incidents in its bills of particulars, despite the multiple court orders requiring that the Government plead sufficient specificity to fairly apprise the defendants of the incidents with which they are charged, the Court should not permit the jury to consider these three incidents as proof of the substantive firearms offense charged in Count Four.  Thus, Mr. Franco respectfully requests that the jury be so instructed.

**III.    CONCLUSION**

For the foregoing reasons, Mr. Franco respectfully requests that the Court grant his motion *in limine* for a limiting instruction advising the jury that they may not consider three alleged incidents of firearms possession by Mr. Franco as proof of the substantive firearms offense charged against him in Count Four.

Respectfully submitted,

DATED: November 30, 2011

LAW OFFICES OF GERI LYNN GREEN, LC

By:_____/s_____
    GERI LYNN GREEN
    Attorney for Defendant
    MANUEL FRANCO