GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MANUEL FRANCO,<br><br>          Defendant. | Case. No. CR 08-0730 WHA<br><br>**DEFENDANT MANUEL FRANCO'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE A-I***<br><br>**[RESPONSES TO MOTIONS IN LIMINE J AND K FILED UNDER SEAL]**<br><br>Date:   December 14, 2011<br>Time:  9:00 a.m.<br>Dept:   Hon. William Alsup |

**I.     INTRODUCTION**

Defendant Manuel Franco hereby responds to the following motions in the Government's Motions *in Limine* (Dckt. No. 5454), as listed in the Government's pleading:

A.   Motion to preclude the introduction of extrinsic evidence for impeachment;

B.   Motion for consideration of evidence already in the record to support admission of evidence, including co-conspirator statements;

C.   Motion to admit cooperation agreements of Government's cooperating witnesses;

D.   Motion to require Mr. Franco to proffer the basis for any <u>Henthorn</u>-based questions before questioning a law enforcement officer;

E.   Motion to require Mr. Franco to provide some evidentiary basis for any affirmative defenses;

F.   Motion to require Mr. Franco to provide some evidentiary basis for any claim that a third person committed any crime or act;

G.   Motion to require Mr. Franco to properly refresh witness recollection;

H.   Motion to preclude Mr. Franco from improperly voicing speaking objections;

I.  Motion to preclude Mr. Franco from arguing a negative inference from the absence of any particular type of evidence.

Mr. Franco's responses to the Government's remaining two motions *in limine*—to use Mr. Franco's proffer statements for cross-examination or to rebut any contradictory evidence or arguments presented by the defense (J), and to preclude the testimony of defense expert Richard Ofshe (K)—will be filed separately under seal.

**II.    ARGUMENT**

**A.   The Court Should Reserve Ruling on Admissibility of Broad Categories of Undefined Impeachment Evidence**

The Government moves this Court for a blanket exclusion of extrinsic evidence for the purpose of impeachment of prosecution witnesses, without specifying the evidence that it claims would be inadmissible. While the Government broadly contends that "exhibits or witness testimony suggesting that the Government's witnesses engaged in misconduct" would "generally" be inadmissible, see Government's Motions *in Limine* (Dckt. No. 5454), at 2, Mr. Franco submits that the Court cannot make an evidentiary ruling without considering the proffered basis for admission of specific evidence.

Federal Rule of Evidence 608(b) limits the use of extrinsic evidence to impeach a witness's credibility. See Fed. R. Evid. 608(b) ("Specific instances of the conduct of a witness, *for the purpose of attacking or supporting the witness' character for truthfulness*, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.") (emphasis added). However, a limitation on cross-examination violates the Confrontation Clause when it "limits relevant testimony and prejudices the defendant, and denies the jury sufficient information to appraise the biases and motivations of the witnesses." United States v. Holler, 411 F.3d 1061, 1066 (9th Cir. 2005) (internal quotation marks omitted). Therefore, Rule 608 allows for the examination into specific instances of a witnesses' conduct that are probative of the witness's character for truthfulness. See Fed. R. Evid. 608(b). For example, the Ninth Circuit has held that "[e]vidence of prior frauds is considered probative of the witness's character for truthfulness and untruthfulness," and may therefore be addressed in cross-examination. United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1992). The Court has also found that the fact that a cooperating witness "may have misrepresented or downplayed to the FBI the extent and length of her prior drug activity is relevant because it reflects upon her veracity." United States v. Bridgeforth, 441 F.3d 864, 868 (9th Cir. 2006).

Moreover, while Rule 608 prohibits the use of extrinsic evidence for the sole purpose of impeaching witness credibility, extrinsic evidence of the misconduct of Government witnesses may be admissible for a variety of other purposes, including for non-impeachment purposes, as well as to impeach a witness on any ground other than his or her character for truthfulness. See Fed. R. Evid. 608(b), advisory comm.. notes (2003) ("[T]he absolute prohibition on extrinsic evidence applies only when the sole reason for proffering the evidence is to attack or support the witness' character for truthfulness.").

First, nothing in Rule 608(b) limits Mr. Franco's right to introduce extrinsic evidence of misconduct by the Government's witnesses for the purpose of disproving the charges against him and/or proving any affirmative defense. Here, acts of violence committed by cooperating witnesses—including Jaime Martinez, Walter Palma, Jose Espinal, and Abraham Martinez—are relevant to Mr. Franco's likely public authority and entrapment defenses to explain his decision to work with law enforcement against the 20th Street Clique. Further, evidence of violent acts committed by cooperating witnesses—including, but not limited to, evidence introduced at previous trials tending to show that both Jaime Martinez and Walter Palma were involved in plots to murder Mr. Franco based on the suspicion that he was working as a government informant—are clearly relevant to Mr. Franco's likely duress defense, both by showing the general dangerousness of the gang and the specific threats to his life.

Second, Rule 608(b) does not prohibit the admission of extrinsic evidence to impeach a witness by showing bias for the Government or against Mr. Franco. United States v. Abel, 469 U.S. 45, 55-56 (1984) (holding that extrinsic evidence of a witness's bias is admissible irrespective of Rule 608, as "[i]t would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also tended to show that the witness was a liar"). Extrinsic evidence of misconduct by Government witnesses may tend to show bias against Mr. Franco by revealing animosity towards him—for example, evidence that Jaime Martinez suspected that he was arrested for possession of a firearm based on information provided to the police by Mr. Franco. Evidence of crimes committed by cooperating witnesses with others may also tend to show bias in favor of their criminal accomplices, which could motivate them to blame Mr. Franco for crimes that he did not commit. Further, extrinsic evidence of serious crimes committed by Government witnesses may also

tend to show bias for the prosecution, as facing a long prison sentence could conceivably predispose them to invent stories to help secure a conviction of Mr. Franco.

Third, Rule 608(b) also does not apply to impeachment of a witness by factual contradiction. See United States v. Castillo, 181 F.3d 1129, 1132 (9th Cir. 1999) ("Rule 608(b) prohibits the use of extrinsic evidence of conduct to impeach a witness' credibility in terms of general veracity. In contrast, the concept of impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence"). Thus, there is no basis for excluding otherwise admissible evidence that contradicts any testimony elicited by the Government from its witnesses on direct examination. Whether this ground for admissibility will arise at Mr. Franco's trial will depend on the content of the witnesses' testimony, but there were several occasions at the previous trials where there was extrinsic evidence that contracted material direct examination testimony of Government witnesses.

While the Government worries that defense counsel will "hijack the trial" with evidence of its witnesses' misconduct, and expresses belief that Mr. Franco "has amassed rumors and innuendo about prosecution witnesses," see Government's Motions *in Limine* (Dckt. No. 5454), at 2 and 5, there should be no dispute that the Government's own discovery, as well as the evidence it presented to the jury at the previous trials, reveals disturbing misconduct by each of its cooperating witnesses. As explained above, extrinsic evidence of this misconduct will often be admissible for non-impeaching purposes or to impeach for purposes other than their general character for truthfulness. Thus, the Government cannot rely on these witnesses and simultaneously request that the Court prohibit Mr. Franco from introducing evidence of their misconduct as part of his defense.

For the foregoing reasons, this Court should deny the Government's blanket motion to exclude impeachment evidence, and reserve ruling on the admissibility of extrinsic evidence of the misconduct of Government witnesses until specific challenges are made at trial.

### B. Consideration of Evidence Already Presented in Determining Admissibility of Evidence at Trial

Mr. Franco does not dispute that, under Federal Rule of Evidence 104(a), the Court can consider evidence already presented in the proceedings to date, including during the trials of his co-defendants, in determining the admissibility of evidence. However, Mr. Franco objects to the Court considering any

material that the Government has presented to the Court *ex parte* in the course of deciding a contested motion. Though these materials may be before the Court, it should not rely on such materials in order to decide a contested motion. See Waller v. Georgia, 467 U.S. 39, 47 (1984) (holding that the Sixth Amendment right to a public trial covers pretrial hearings).

Further, Mr. Franco notes that the Government must do more than state that the Court may consider all the evidence in order to establish the foundational elements required to introduce statements under the co-conspirator hearsay exemption. As explained in more detail in his first motion *in limine*, the Government must establish by a preponderance of the evidence for each alleged co-conspirator statement that (1) the conspiracy existed at the time the statement was made, (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statements were made in furtherance of the conspiracy. United States v. Larson, 460 F.3d 1200, 1211 (9th Cir. 2006). To meet this foundational requirement, the Government cannot merely claim that is has provided a sufficient foundation to support their admission based on the totality of the evidence before the Court; it should be required to actually identify the evidence that it relies upon to meet its burden. Particularly given the unique circumstances of Mr. Franco's case, the Court should hold an evidentiary hearing where this matter may be properly litigated between the parties.

Finally, even if the Court determines before trial that a particular statement is conditionally admissible under the co-conspirator hearsay exemption, the Government should still be required to establish the foundational elements of each statement with admissible evidence at trial. See Omnibus Order re Pretrial Motions for October 24 Trial (Dckt. No. 5230), at 10.

### C. Plea Agreements Should be Excluded Unless the Defense Calls into Question the Effect of the Agreement on the Witness's Veracity

The Government moves this Court to admit the plea agreements of its cooperating witnesses into evidence to rebut defense arguments about their credibility based on the agreements.

Under Ninth Circuit precedent, a prosecutor's reference to provisions in a plea agreement requiring the Government to testify truthfully, and the admission of the agreement into evidence on cross-examination, potentially constitute improper vouching. United States v. Shaw, 829 F.2d 714, 717 (9th Cir. 1987) ("When the prosecution refers, as it did here, to the requirement of truthfulness before the issue of bias is drawn, it runs the risk that its reference will be interpreted as an attempt to establish

truthfulness and suggest verifiability.") Thus, unless and until Mr. Franco specifically attacks a witness's credibility because of his purported bias due to cooperation with the Government before the jury, the plea agreements should not be admitted into evidence.

Further, even assuming Mr. Franco "opens the door" to admitting the truthfulness clause of the plea agreements, only limited portions of the agreements would be admissible. All of the agreements contain a great deal of material that is wholly irrelevant to the issue of whether the cooperators were required to testify in a certain manner, including waivers of the cooperators' rights. These portions of the plea agreement are not relevant to any issue at trial and should not be submitted to the jury.

### D. Procedure for Vetting <u>Henthorn</u> Issues

Mr. Franco is prepared to follow the procedure implemented by the Court during the first trial with respect to the examination of law enforcement witnessed based on <u>Henthorn</u> materials. Specifically, Mr. Franco would be willing to vet with the Court in advance of questioning except where the question is regarding an express, sustained finding of untruthfulness, a false statement, or a false report. <u>See</u> Omnibus Order re Pretrial Motions for April 4 Trial (Dckt. No. 3644), at 24. Of course, in all events, the Government should not be permitted to tip the hand of the defense to the law enforcement witness that will be questioned. <u>Id.</u>

### E. The Court Should Not Require the Defense to Make Further Proffer Establishing Mr. Franco's Likely Affirmative Defenses

Inexplicably, the Government claims that it "is unaware of any evidence supporting any affirmative defense for the defendant" and requests that the Court require Mr. Franco to provide some specific evidentiary basis for his likely affirmative defenses. <u>See</u> Government's Motions *in Limine* (Dckt. No. 5454), at 8. In fact, Mr. Franco filed a pleading providing detailed factual support for his likely public authority, entrapment, and duress defenses three months ago, and the Government makes no argument as to why it believes that Mr. Franco would be required to do more. <u>See</u> Defendant Manuel Franco's Factual Support for Requested Entrapment and Duress Instructions (Dckt. No. 5063). Given that the Government itself presented extensive evidence at the April 4, 2011, trial in support of Mr. Franco's likely public authority and duress defenses—for example, evidence of Mr. Franco's work as a government informant, and that he had been "green-lighted" for murder by the leadership of the 20th

Street Clique based on the suspicion that he was cooperating with law enforcement—the Government's claim that it is unaware of "any evidence" supporting Mr. Franco's affirmative defenses strains credulity.

It is well-established that "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense,'" including the opportunity to present relevant evidence "central to the defendant's claim of innocence." Crane v. Kentucky, 476 U.S. 683, 690 (1986). Although there must be some evidence to support an affirmative defense, defendants are "entitled to instructions relating to a defense theory for which there is any foundation in the evidence, even though the evidence may be insufficient, inconsistent, or of doubtful credibility." United States v. Burt, 410 F.3d 1100, 1103 (9th Cir. 2005). Although a district court may rule on the adequacy of the factual foundation of a duress defense prior to trial, "[o]rdinarily the duress defense is submitted to the jury." United States v. Karr, 742 F.2d 493, 497 (9th Cir. 1984).

Here, Mr. Franco has already made a detailed factual proffer that is more than sufficient to permit him to raise his likely defenses at trial. Moreover, the Court should consider evidence already presented in the proceedings to date, including at the previous trials, to determine the admissibility of evidence in support of Mr. Franco's affirmative defenses. See Government's Motions *in Limine* (Dckt. No. 5454), at 5-7. There was ample evidence presented by the Government during the previous trials and by Mr. Franco through his factual proffer to support his likely public authority, entrapment, and duress defenses. For example, the Government introduced substantial evidence regarding Mr. Franco's work as a government informant, the multiple occasions when he was marked for death by the gang because of that work, the gang's rules about killing people suspected of cooperating with law enforcement, and the need for government informants to establish a cover in order to protect themselves. Thus, the Government's contention that it "is unaware of any evidence supporting any affirmative defense for the defendant" is hard to understand.

Given that Mr. Franco has already filed a lengthy factual proffer in support of his affirmative defenses, see Defendant Manuel Franco's Factual Support for Requested Entrapment and Duress Instructions (Dckt. No. 5063), the onus should be on the Government to explain why it believes that that proffer was inadequate. Thus far, the Government has made no such argument. Therefore, Mr. Franco requests that the Government's motion to require a further proffer before he is permitted to exercise his constitutional right to present a complete defense be denied.

**F.     The Government's Proposed Restrictions on Evidence and Argument Regarding Third-Party Culpability Would Violate Mr. Franco's Right to Present a Defense**

The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense, which includes the right to present evidence to the jury that might influence the determination of guilt. United States v. Stever, 603 F.3d 747, 755 (9th Cir. 2010). "A defendant is entitled to introduce evidence which tends to prove someone else committed the crime." United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir. 1991); see also United States v. Brannon, 616 F.2d 413, 418 (9th Cir. 1980) ("A defendant is entitled to prove his innocence by showing that someone else committed the crime."). In fact, the Supreme Court has held that a defendant's constitutional rights were violated by a state evidentiary rule that prevented the defendant from presenting evidence of third party culpability based on the strength of the prosecution's forensic evidence. Holmes v. South Carolina, 547 U.S. 319, 331 (2006).

While the Government is correct that admissibility of third-party liability evidence, like any other evidence, is subject to Federal Rule of Evidence 403 balancing, none of the cases it cited state that a defendant is required to make an evidentiary proffer prior to raising a third-party culpability defense at trial. Rather, the defense is ordinarily permitted to make such argument, as if "evidence that someone else committed the crime is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt." United States v. Crosby, 75 F.3d 1343, 1349 (9th Cir. 1996).

Accordingly, the Court should reject the Government's argument that the defense must proffer evidence in support of a third-party culpability theory or be precluded from arguing that someone else committed the crimes. When the charged crimes involve affirmative acts, a defendant cannot argue that he is not guilty without at least implying that someone else committed the crime. For these reasons, the Government's motion should be denied.

**G&H.   Mr. Franco Joins in the Government's Request that Trial be Conducted Properly and Respectfully by Government and Defense Counsel**

Mr. Franco hereby joins in the Government's motions to require counsel to properly refresh recollection of witnesses and to refrain from making speaking objections. Additionally, Mr. Franco hopes that all counsel will conduct themselves professionally and appropriately at trial, and will act respectfully in their comments to and about each other, particularly in the presence of the jury.

### I. The Court Should Not Preclude Mr. Franco from Arguing Negative Inferences Due to the Absence of a Particular Type of Evidence

Without citation to any relevant authority, the government moves that "the defendant should be precluded from attempting to argue any negative inference from the absence of any particular type of evidence or testing." See Government's Motions *in Limine* (Dckt. No. 5454), at 13. This is simply not the law. As the Court has noted, "[t]here is no universal bar against defense comments regarding the government's failure to present witnesses or evidence . . . ." Omnibus Order re Pretrial Motions for April 4 Trial (Dckt. No. 3644), at 25. Of course, neither the Government nor defense counsel may misstate the law to the jury, including by improperly stating that a particular type of evidence is required as a matter of law to sustain a conviction. But the Government cites no authority for its motion to limit Mr. Franco's constitutional right to present a complete defense, including by pointing to missing evidence to show that the Government failed to meet its burden of proving his guilt beyond a reasonable doubt.

While it is true that the Government is not required under all circumstances to present a particular type of evidence to meet its burden of proof, it may be that in Mr. Franco's case, the Government will be unable to produce sufficient evidence for a reasonable jury to convict him due to the absence of a particular type of evidence. The Government's motion to foreclose Mr. Franco from arguing that it lacks the necessary evidence to sustain a conviction should therefore be denied.

Respectfully submitted,

DATED: December 7, 2011

                                        LAW OFFICES OF GERI LYNN GREEN, LC

                                        By:_____/s/_____
                                             GERI LYNN GREEN
                                             Attorney for Defendant
                                             MANUEL FRANCO