GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>     v.<br><br>MANUEL FRANCO,<br><br>           Defendant. | No. CR 08-0730 WHA<br><br>**DEFENDANT MANUEL FRANCO'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE* # 10 - 28**<br><br>Date:   December 14, 2011<br>Time:   9:00 a.m.<br>Dept:   Hon. William Alsup |

## I.    INTRODUCTION

Defendant Manuel Franco hereby submits this reply brief in support of his Motions *in Limine* # 10 through 28, filed on November 30, 2011.  For the reasons set forth in his moving papers and herein, the Court should grant Mr. Franco's motions and award the requested relief.

## II.   ARGUMENT

### A.    MIL #10 to Exclude Gruesome Photographs of Crimes of Violence, and to Exclude Evidence of the Effects of Injury on Victims of those Crimes

In response to Mr. Franco's motion to exclude gruesome photographs of crimes of violence committed by his alleged co-conspirators, under FRE 403, on the ground that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and the needless presentation of cumulative evidence, the Government argued that such evidence is admissible because it is relevant "to prove up the essential elements of the charged crimes, including, among other things, the existence of the charged enterprise and the enterprise's pattern of racketeering."

See Government's Response to Defendant's Motions *in Limine* ("Government's Response") (Dckt. No. 5498) at 10.

Mr. Franco did not dispute that photographs of victims and crime scenes have some limited probative value under FRE 401. His arguments as to why they should be excluded under FRE 403 remain unaddressed by the Government. Mr. Franco also notes that the Government did not oppose his motion to exclude evidence pertaining to the effects of injuries suffered by the victims of these crimes, under FRE 403. For the reasons stated in Mr. Franco's motion, this evidence should be excluded.

In the event that the Court denies this motion, Mr. Franco appreciates the Government's promise to be discrete in its use of the photographs and to seek permission from the Court prior to publishing any to the jury.

### B. MIL #11 to Request Judicial Notice of Roberto Claros Acosta's Conviction

For the reasons stated in his motion, Mr. Franco requests judicial notice of Mr. Acosta's conviction for perjury. Moreover, Mr. Franco strenuously opposes the Government's request that the Court take judicial notice of every judgment of conviction of every defendant who was convicted in this case. When multiple persons have been jointly indicted for the same offense but are separately tried, a judgment of conviction against one of them is not admissible against the other. See Benson v. United States, 146 U.S. 325, 337 (1892) ("The conviction or acquittal of the former does not determine the guilt or innocence of the latter, and the judgment for or against the former will be no evidence on the subsequent trial of the latter.").

Further, it is evident that the inherently unfairly prejudicial effect of the judgments of conviction of Mr. Franco's co-defendants, jointly charged under the same indictment, substantially outweighs their marginal probative value. After all, any probative value would be entirely contingent on whether the Government could prove beyond a reasonable doubt that Mr. Franco ever participated in the charged conspiracies when he was not pretending to do so as a government informant, which is the primary issue in this case. Crucially, the convictions that the Government seeks to admit are completely irrelevant to that primary issue, as evidence that a jury has convicted *other defendants* of the charged conspiracies has no tendency to make Mr. Franco's participation therein more or less probable. By contrast, the danger of

unfair prejudice is enormous, as the jury is likely to give great weight to the fact that other juries have convicted other defendants of the crimes with which Mr. Franco is charged, creating a substantial risk that the jury will convict based on the previous verdicts, rather than on the jury's own judgment as to Mr. Franco's guilt or innocence.

### C. MIL #12 to Strike Surplusage from the Indictment or Alternatively, to Preclude Reading of the Indictment to the Jury

Like the Government, Mr. Franco would have no objection should the Court hold to its practice in the prior two racketeering trials in this case and provide or read to the jury a short neutral statement of the case identifying the charges and allegations against him, in lieu of reading or providing a copy of the Third Superseding Indictment to the jury.

### D. MILs #13 & 14 for Permission for the Defense to House Full Copy of Discovery Near the Courtroom, and to Appear Without Shackles and in Civilian Clothing During Trial

The Government took no position with respect to Mr. Franco's motion for permission to house a full copy of discovery near the courtroom, and did not object to his motion to appear without shackles and in civilian clothing during trial.  See Government's Response at 2.  For the reasons stated therein, Mr. Franco respectfully requests that these motions be granted.

### E. MIL #15 for an Order Precluding the Government from Vouching for the Credibility of Any Cooperating Witness

Respectfully, Mr. Franco notes that he managed to join in the Government's motions to require counsel to properly refresh recollection of witnesses and to refrain from making speaking objections without referring to them as "unripe, moot, and silly."  See Government's Response at 11.

### F. MIL #16 to Exclude Out-of-Court Statements Made to Law Enforcement Agents by Any Government Informant who is Unavailable to Testify at Trial

The Government did not oppose Mr. Franco's motion to exclude any out-of-court statements made to law enforcement agents by any government informant who is unavailable to testify at trial, including but not limited to Roberto Claro Acosta. Accordingly, because the Government has waived any objection to the exclusion of such evidence, and for the reasons stated therein, Mr. Franco's motion should be granted.

**G.     MIL #17 to Exclude Undisclosed Rule 404(b) "Other Acts" Evidence**

The Government claims that Mr. Franco's motion to exclude undisclosed Rule 404(b) evidence is "unripe," based on its mistaken belief that "Rule 404(b) does not provide for any specific time frame for notice." See Government's Response at 12-13.

In fact, Rule 404(b) requires that the prosecutor: "(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; *and* (B) do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2 (emphasis added). Moreover, the Northern District of California Local Rule 16-1(c)(3) requires the Government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FRE 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3). The Government did not make this disclosure.

Thus, as Mr. Franco explained in his motion, any evidence that the Court determines to be covered by Rule 404(b) must be excluded *unless* the Government can show good cause for its failure to disclose in compliance with Rule 404(b)'s notice requirement. Absent "good cause" that "excuses lack of pretrial notice," the Government cannot refuse to disclose such evidence "before trial," as Rule 404(b) requires, and later object should the Court determine that any evidence at trial should be excluded as unnoticed Rule 404(b) evidence.

As to the merits of the motion, Mr. Franco anticipated and responded to the Government's position that none of the evidence it will seek to admit against him is covered by Rule 404(b). Therefore, he has nothing to add to his argument, other than to remind the Government again that propensity evidence offered to rebut any affirmative defense by Mr. Franco is also covered by Rule 404(b).

**H.     MIL #18 to Permit Use of Leading Questions on Direct Examination of Investigating Law Enforcement Agents, Government Informants, and Cooperating Witnesses**

As an initial matter, the Government did not oppose Mr. Franco's motion to permit the use of leading questions on direct examination of any government informants or other cooperating witnesses. For the reasons stated in his motion, Mr. Franco should be permitted to use leading questions on direct

examination of former members of MS-13 who are now cooperating with the Government, as witnesses identified with adverse parties.

While the Government did oppose the use of leading questions on direct examination of investigating law enforcement officers—including ICE agents involved in Operation Devil Horns, FBI agents involved in the parallel investigation of MS-13 in the San Francisco Bay Area, and members of the SFPD gang task force—its opposition was entirely unresponsive to Mr. Franco's motion.

Without repeating the unaddressed arguments in full, Mr. Franco explained in some detail why each category of law enforcement officers should be presumed hostile under Rule 611(c) as adverse parties and/or witnesses identified with adverse parties.  Instead of responding to these arguments or distinguishing the cases upon which Mr. Franco relied, the Government merely stated that there is no basis for the Court to find that any law enforcement officer will be a hostile witness.

Of course, Rule 611(c) grants the Court discretion to permit leading questions on direct examination of three different categories of witnesses: "a hostile witness, an adverse party, *or* a witness identified with an adverse party . . . ." Fed. R. Evid. 611(c) (emphasis added).  In response to Mr. Franco's argument that the law enforcement officers in question are the second and third types of witnesses, the Government merely contended that they are not the first type.

### I. MIL #19 to Protect the Identities of Witnesses for the Defense from Public Disclosure

Given that the Government is "keenly aware" of the issue raised in this motion, see Government's Response at 13, Mr. Franco hopes that it will be willing to engage in a discussion with the Court and defense counsel to determine whether there is a fair way to address the safety concerns we all share without prejudicing any party.

### J. MIL #20 to Exclude or Limit Evidence of Pre-Majority Statements or Acts

Mr. Franco believes that his motion to exclude evidence of pre-majority statements or acts, and the Government's opposition thereto, have adequately presented the issues to the Court, and therefore has nothing to add.

However, the Government did not address Mr. Franco's alternative argument to exclude evidence of firearms use or possession by Mr. Franco and/or his alleged co-conspirators occurring before Mr.

Franco reached the age of majority. As explained in more detail in the motion, the probative value of such evidence to the conspiracy charges is substantially outweighed by the danger that the jury may be confused into improperly considering this evidence for the substantive firearms offense charged in Count Four, unfairly prejudicing Mr. Franco.

### K. MIL #21 to Exclude Jose Espinal's Testimony Regarding Obtaining Guns from the Apartment Mr. Franco Shared with Moris Flores on April 22, 2008

The extent of the Government's response to Mr. Franco's motion to exclude Jose Espinal's testimony regarding obtaining guns on April 22, 2008 under Rule 403 is its generalized claim that his argument "goes to the weight of the testimony, not its admissibility." See Government's Response at 15. For the reasons stated in Mr. Franco's motion, the probative value of Mr. Espinal's testimony on this matter is substantially outweighed by the danger of unfair prejudice, and should therefore be excluded.

### L. MIL #22 for Limiting Instructions Regarding Firearms Possession Evidence

Mr. Franco did not claim that he was entitled to all the evidentiary details of the case against him laid out in a charging instrument. For the reasons stated in his motion, Mr. Franco believes that the limiting instruction he requested is the appropriate remedy for the Government's failure to provide notice of three alleged incidents of firearms possession in its bills of particulars, despite multiple court orders requiring the Government to plead sufficient specificity to fairly apprise the defendants of the incidents with which they are charged.

### M. MIL #23 for an Order Precluding Introduction of a Civil Lawsuit

Once again, in response to a motion to exclude evidence under FRE 403, the Government argues that such evidence is admissible because it "may be relevant." See Government's Response at 17. Again, Mr. Franco did not dispute that there is some probative value to the evidence at issue, and his argument as to why that limited probative value is substantially outweighed by the danger of unfair prejudice was left unaddressed by the Government. For the reasons stated therein, Mr. Franco's motion should be granted.

//

//

**N.   MIL #24 to Exclude Evidence of his Misdemeanor Convictions**

The Government states that it intends to use evidence of misdemeanor convictions of Mr. Franco while he was working as a government informant to prove his "association" with a gang member, rather than as impeachment evidence under Rule 609(a)(1). As explained in more detail in Mr. Franco's Motion *in Limine* #1, evidence of mere association with alleged co-conspirators and of conduct that is "completely consistent" with Mr. Franco's role as an embedded government agent is of marginal probative value to establish that Mr. Franco was part of any conspiracy. Further, under Old Chief v. United States, 519 U.S. 172 (1997), when balancing the probative value against the prejudicial effect of a given piece of evidence, a court should consider whether alternative, less prejudicial evidence is available, which if admitted would satisfy the relevant aspects of the excluded evidence while minimizing the potential prejudice.

Here, the minimal probative value of an additional piece of evidence tending to show that Mr. Franco associated with Walter Palma while working as an informant is substantially outweighed by the danger that the existence of a past criminal conviction will arouse negative jury sentiment against Mr. Franco and lead them to convict based on their view of his character, rather than a determination of his guilt or innocence of the charged crimes.

**O.   MIL #25 Challenging Admissibility of Specific Alleged Co-Conspirator Statements**

Although the Government opposed Mr. Franco's two Motions *in Limine* to exclude alleged co-conspirator statements, it did not make any argument in support of the admissibility of any specific alleged co-conspirator statement that was challenged.

As to the Government's argument regarding the statements allegedly made during the period of time that Mr. Franco was working as a government informant, as well as those allegedly made after his October 22, 2008 arrest, Mr. Franco has nothing to add to his motions *in limine* and his reply to the Government's response to his Motion *in Limine* #1.

However, Mr. Franco notes that the Government did not oppose his argument that specific statements were not made in furtherance of any of the charged conspiracies, and that other specific statements are too vague to allow for any meaningful review by the Court or the defense. Nor did the

Government object to Mr. Franco's argument that one statement should be excluded because its content clearly indicates that the declarant lacked personal knowledge of the events about which he spoke. Thus, the Government has waived its right to argue in the future that these challenged statements are admissible under FRE 801(d)(2)(E).

### P. MIL #26 for an Order Precluding the Reference of Bullets Allegedly Provided to Mario Molina

Respectfully, Mr. Franco has a different view than the Government as to what evidence may be considered exculpatory. See Government's Responses at 17-18. While the Government clearly intends to argue to the jury that Mr. Franco was simultaneously an informant and a conspirator, the fact that it has developed a theory of the case that, if believed, could explain away Mr. Franco's work as an informant does not transform evidence of that work into something other than exculpatory. It is troubling that the Government has taken this cramped view, given its obligations under Brady and its progeny. Regardless, if the bullets in question have in fact been found and will be made available to the defense for examination and testing, Mr. Franco would agree that his motion has been mooted.

### Q. MIL #27 to Exclude Proffer Statements

For the reasons set forth in Mr. Franco's opposition to the Government's Motion *in Limine* J, to use Mr. Franco's proffer statements against him to rebut arguments that the Government anticipates that Mr. Franco will make at trial, Mr. Franco submits that the proffer statements should be excluded.

### R. MIL #28 to Permit Additional Objections

The Government opposes Mr. Franco's motion to permit additional objections as unripe. See Government's Response at 19. Mr. Franco filed this motion in the abundance of caution, in order to preserve his right to object to unanticipated evidence revealed after the deadline to file motions *in limine*. Mr. Franco tried to anticipate the evidence that the Government will attempt to introduce, based on past discovery productions and the proceedings of the previous trials. However, the Government continues to produce discovery, and the deadline for its final witness and exhibit lists has not yet passed. Further, if past is prologue, it is highly likely that the Government's cooperating witnesses will recollect new information days before they testify.

If the Government agrees not to challenge any future objections to evidence as untimely, Mr. Franco would be happy to withdraw his motion as unripe. Otherwise, the motion is necessary to preserve Mr. Franco's right to make additional objections should the need arise.

### III.   CONCLUSION

As the Supreme Court has repeatedly recognized, "the prosecutor's role transcends that of an adversary: he 'is the representative not of an ordinary party to a controversy, but of a sovereignty whose interest in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" United States v. Bagley, 473 U.S. 667, 675 n.6 (1985) (alterations omitted). Yet the Government's responses to Mr. Franco's motions, as well as its own motions *in limine*, turn this fundamental fact on its head by asking this Court to trust that the Government will be able to meet its evidentiary burdens at trial, while simultaneously demanding that Mr. Franco be ordered to make a myriad of pretrial evidentiary proffers before he is permitted to exercise his Sixth Amendment right to present a defense—even requesting an order prohibiting Mr. Franco from pointing out the weaknesses of the Government's case to the jury. Of course, the Government was unable to cite to any relevant case law in support of the demands it makes on Mr. Franco—essentially asking him to provide all the details of his defense in advance of trial—as there is none. But more fundamentally, its arguments call for a reversal of the roles of the criminal defendant, with his constitutional protections, and the prosecution, with its corresponding obligations.

For the foregoing reasons, Mr. Franco respectfully requests that the Court grant his Motions *in Limine* # 10 through 28.

Respectfully submitted,

DATED: December 12, 2011

LAW OFFICES OF GERI LYNN GREEN, LC

By:____/s/_____
GERI LYNN GREEN
Attorney for Defendant
MANUEL FRANCO