

GERI LYNN GREEN (SBN 127709)
Law Offices of Geri Lynn Green, LC
155 Montgomery Street, Suite 901
San Francisco, CA 94104
Tel: (415) 982-2600
Fax: (415) 358-4562
greenlaw700@gmail.com

Attorney for Defendant
MANUEL FRANCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
|---|---|
| Plaintiff, | **DEFENDANT MANUEL FRANCO'S OBJECTIONS TO GOVERNMENT TRANSCRIPTS AND REQUEST FOR AN EVIDENTIARY HEARING; DECLARATION OF GERI LYNN GREEN** |
| v. | |
| MANUEL FRANCO, | |
| Defendant. | |

    Defendant Manuel Franco hereby objects to the accuracy of the Government's draft transcripts of the audio recordings of four interviews of him by law enforcement officers on August 26, September 18, September 26, and October 22, 2008. He also renews his request for an evidentiary hearing to determine what occurred after Mr. Franco's October 22, 2008 arrest during the 40 minutes between the execution of the arrest warrant and the signing of the Miranda waiver.

    On December 12, 2011, the Government produced improved versions of the audio recordings of the four interviews of Mr. Franco by law enforcement officers, with significantly better sound quality than any recordings that had been previously produced. Mr. Franco has repeatedly requested recordings of these interviews with better sound quality than those that had been produced, but was told that what had been provided was all that existed. Thus, at considerable expense, he sought to digitally enhance and then transcribe the poor quality recordings that had been produced by the Government. However, many parts of the recordings remained unintelligible. See Declaration of Counsel.

    Although thorough review of the Government's draft transcripts has not been completed, as it will likely take at least 20 hours, the initial comparison of the Government's draft transcripts to the newly

produced higher quality recordings revealed numerous inaccuracies. <u>See</u> Declaration of Counsel. Mr. Franco thus cannot stipulate to the accuracy of the Government's draft transcripts until he has the opportunity to fully vet them. To do so, Mr. Franco would either need to transcribe the newly produced higher quality recordings and compare these transcripts with the Government's drafts, or compare the Government's draft transcripts to the new recordings word by word, making corrections as needed. <u>See</u> Declaration of Counsel.

Alternatively, Mr. Franco believes that it would be more efficient—saving time and money—to have a neutral third party transcribe the four higher quality recordings, with both parties agreeing to abide by those transcriptions at trial. However, he will certainly take whatever direction the Court conveys to address the dispute.

With respect to the ruling on Mr. Franco's Motion *in Limine* #6, Mr. Franco has identified two parts of the interviews that he quoted in his motion that were inaccurately transcribed by the Government. <u>See</u> Declaration of Counsel. For those two parts, Mr. Franco has made corrections and cited to both the page number of the Government's draft transcripts and to the time stamp on the recordings, and urges the Court to listen to the recording to judge which version is accurate.

Mr. Franco has found numerous other inaccuracies in the Government's draft transcripts that are not directly related to the outcome of this motion, and has been unable to check each transcript line by line against the new recordings to determine their accuracy. <u>See</u> Declaration of Counsel. Still, with the exception of the two inaccuracies noted in the Declaration of Counsel, Mr. Franco believes that the Court should consider the Government's draft transcripts in deciding the motion—particularly if it is not feasible to rely solely on the recordings themselves—as he believes that the added context of reviewing the full interviews makes it even more clear that his statements were involuntary.

Further, the audio recording of the post-arrest interview of Mr. Franco on October 22, 2008 does not include the approximately 40 minutes between the execution of the arrest warrant and the signing of the Miranda waiver, as reflected on the waiver itself. Mr. Franco thus renews his request for an evidentiary hearing, to determine what occurred during the 40 minutes between the execution of the arrest warrant and the signing of the Miranda waiver.

///

///

///

For the foregoing reasons, Mr. Franco objects to the Government's draft transcripts and renews his request for an evidentiary hearing on the voluntariness of his statements to law enforcement.

Respectfully submitted,

DATED: December 16, 2011

LAW OFFICES OF GERI LYNN GREEN, LC


By: /s/
GERI LYNN GREEN
Attorney for Defendant
MANUEL FRANCO

DECLARATION OF COUNSEL

I, Geri Lynn Green, declare:

1. I am the attorney of record for Defendant Manuel Franco.

2. I have personal knowledge of the following facts, and could testify competently under oath concerning them.

3. The Government has produced audio recordings of four interviews of Manuel Franco by law enforcement officers, but there are not yet stipulated transcriptions of these recordings.

4. I have repeatedly requested recordings of these interviews with better sound quality than those that had been produced, but was told that what had been provided was all that existed.

5. Accordingly, at considerable expense, I sought to digitally enhance and then transcribe the poor quality recordings that had been produced by the Government. However, many parts of the recordings remained unintelligible.

5. On Friday, December 9, 2011, the Government attached draft transcripts of the four recordings as exhibits to its reply brief in support of its motions *in limine*.

6. On Monday, December 12, 2011, the Government produced improved versions of the recordings of these four interviews, with significantly better sound quality than any recordings that had been previously provided the defense.

7. My initial review of the Government's draft transcripts against the newly produced better quality recordings and my own transcripts—which took approximately 8 hours—revealed numerous inaccuracies.

8. A thorough review of the accuracy of the Government's draft transcripts will likely take more than 20 hours, as I would either need to transcribe the newly produced higher quality recordings and compare these transcripts with the Government's drafts, or compare the Government's draft transcripts to the new recordings word by word, making corrections as needed.

9. I have reviewed the recording produced by the Government on December 12, 2011 of the August 22, 2008 interview of Manuel Franco against the Government's draft transcript of that recording, and noted the following inaccuracies on pages 1-2 (time stamp 1:03-1:25):

```
MF:   You guys took my identification [CHP application], too?
MS:   I saw that Oakland, right? Was that Oakland?
MF:   Oakland and – they want to take my paper (unint.).
MS:   You want to be a cop?
```

| | | |
|---|---|---|
| 1 | MF: | ~~I would right here~~. [Highway patrol, yeah.] |
| 2 | MS: | Get out of here. |
| | MF: | For real. You know, I got street smarts already. I want a future for my kids. |

10. I have reviewed the recording produced by the Government on December 12, 2011 of the September 18, 2008 interview of Manuel Franco against the Government's draft transcript of that recording, and noted the following inaccuracies on pages 3-4 (time stamp 3:41 – 4:28):

```
MS:     So tell us about that [Saturday], what is going to happen?
MF:     (unint.). [I got an appointment so I have to go to Treasure Island for the test.]
[MS:    CHP or SF?]
MS:     For SF sheriff?
[MF:    For SF Sheriff, yeah.]
MS:     San Francisco, huh?
[MF:    Yeah.]
MS:     Do you want us to maybe make a call for you or what?
[MF:    Maybe.]
MS:     Maybe we can, maybe we can do something for you.
[MF:    I'm just trying to check it out.]
MS:     Yeah. So we are going to bump into you all the time now or what?
MF:     Probably.
[Laughter]
MS:     Are you going to hook us up if we hook you up, you know, like – we get up to the top
        floor that much faster when you're in the jail man, help us out.
[MS:    Yeah, we don't have to sit out there with the prisoners.]
MS:     We don't have to wait in line like everybody else. Manuel – these are my two guys, these
        are the top. . . . So what's up, you called up, what do you need?
```

11. At trial, I would be willing to stipulate to the accuracy of transcripts of the four recordings made by a neutral party, if the Government would be willing to do the same.

12. Attached hereto as **Exhibit A** is a true and correct copy of the Miranda waiver signed by Mr. Franco on October 22, 2008, produced by the Government.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on December 16, 2011, at San Francisco, California.

By: _____/s/_____
       Geri Lynn Green

# EXHIBIT A



**U.S. Immigration and Customs Enforcement**

11/5/2008

## STATEMENT OF RIGHTS

Before we ask you any questions, it is my duty to advise you of your rights.

You have the right to remain silent.

Anything you say can be used against you in court, or other proceedings.

You have the right to consult an attorney before making any statement or answering any questions.

You have the right to have an attorney present with you during questioning.

If you cannot afford an attorney, one will be appointed for you before any questioning, if you wish.

If you decide to answer questions now, you still have the right to stop the questioning at any time, or to stop the questioning for the purpose of consulting an attorney.

---

## WAIVER

I have had the above statement of my rights read and explained to me and I fully understand these rights. I waive them freely and voluntarily, without threat or intimidation and without any promise of reward or immunity. I was taken into custody at 5:15AM (time), on 10/22/08 (date), and have signed this document at 5:55AM (time), on 10/22/2008 (date).

Manuel Franco
Print Name

_____
Signature

WITNESS: _____            DATE: 10/22/08

WITNESS: _____            DATE: 10/22/2008

1