IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MANUEL FRANCO.<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. CR 08-0730 WHA<br><br>**ORDER RE PROCEDURE TO VET TRANSCRIPTS OF RECORDINGS** |

Defendant Manuel Franco has objected to the accuracy of the government's draft transcripts for the audio interviews of him on August 26, September 18, September 26, and October 22, 2008 (Dkt. No. 5556). The objection is **DENIED WITHOUT PREJUDICE** to re-raising in accordance with the procedure outlined below.* Objections to transcripts will be handled in a similar manner that they were for the April 4 and October 24 trials. The procedure will be as follows:

　　　1.　　The proponent of a transcript must notify the other side in writing of its intended use *at least* **ONE WEEK** before showing it to the jury and must produce with the notice a fresh copy of the proposed transcript. No party should rely on the fact that a copy was supplied months or years ago in discovery. The notice must be in writing and identify the sponsoring witness. The notice should be a stand-alone "Notice of Intent to Use Recording Transcript" and should not be buried in an email or letter covering multiple items.

---

　　* Defendant Franco's "alternative" request that a "neutral third party" transcribe the recordings is **DENIED**. Both sides have had ample time (over three years) to perform their own transcriptions of the recordings and there has been no showing that a "neutral third party" is necessary to transcribe the recordings.

2. By the **FOURTH CALENDAR DAY** following the notice, any objection to the transcript must be delivered to the proponent of the transcript by **5 P.M.** The objection must be in writing and specify the particular passages in dispute and state the objecting party's alternative reading (or specify that it is inaudible). The objection need not be filed but must be served. The parties are then to see if they can come to a stipulation for the portions of the transcript that are sought to be shown to the jury.

3. If the parties cannot agree, the matter must be brought to the Court's attention during the 7:30 a.m. morning proceedings the day the transcript is sought to be utilized, or earlier. The parties must have copies of their competing versions of the transcripts and should be prepared to play the relevant portions of the recording for the Court. Unless the proponent's transcript is shown to be definitively inaccurate, the Court will allow the jury to see the proponent's transcript. The non-offering party, however, will be permitted to show the jury a competing version of the transcript during cross-examination of the sponsoring witness and argue an alternative reading of the recording. When the recording is in English, the jury will be instructed that it is the recording is the evidence — not the transcript.

4. The same procedure will apply for transcripts and translations of foreign-language recordings except the jury will not be instructed that the recording is the evidence.

**IT IS SO ORDERED.**

Dated: December 22, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE