IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE GOVERNMENT MOTION TO PRECLUDE EXPERT TESTIMONY REGARDING DEFENDANT MANUEL FRANCO'S MENTAL HEALTH** |
| MANUEL FRANCO. | |
| Defendant. | |

The government moves to preclude the mental health expert testimony of Dr. Avak Albert Howsepian under FRCrP 12.2(d), as defendant Manuel Franco refused to answer a number of questions posed by the government's rebuttal expert Dr. E.M. Suarez (Dkt. Nos. 5563, 5603). After full review of Dr. Howsepian's expert report, the two declarations submitted by Dr. Howsepian, the two declarations submitted by Dr. Suarez, and excerpts of defendant Franco's mental health examination by Dr. Suarez (as contained in the declarations of Dr. Suarez), the Court finds that defendant Franco's refusals to answer the fourteen sequences of questions identified in Dr. Suarez's declaration frustrated Dr. Suarez's ability to develop rebuttal opinion for those opinions by Dr. Howsepian that have not yet been excluded from trial (Dkt. Nos. 5416, 5563-1, 5574, 5603-1, 5607-1).[1] Specifically, the record demonstrates that defendant Franco's refusals to answer prevented Dr. Suarez from developing rebuttal opinion to Dr. Howsepian's diagnoses that defendant Franco suffers from Borderline Personality Disorder, Dysthymic

---

[1] Although defendant Franco asserts that the questions were "crime facts questions," a review of the objected-to questions reveal that many were not. In any event, those questions that arguably touched upon "crime facts" are necessary to rebut Dr. Howsepian's opinions.

1  Disorder, and Post Traumatic Stress Disorder.[2]  Accordingly, if defendant Franco wishes to
2  present expert testimony on his mental condition, he must submit to further mental examination
3  by Dr. Suarez and answer the fourteen sequences of questions identified by Dr. Suarez as well as
4  any reasonable follow-up questions (*see* Dkt. No. 5603-1 at ¶ 1).  By **8 P.M. ON WEDNESDAY,**
5  **JANUARY 4,** counsel for defendant Franco must meet and confer with the government to schedule
6  a further mental examination.  If defendant Franco refuses to consent to the mental examination,
7  he must notify the Court and the government of this decision by that same date and time.  Until a
8  final court ruling on the issue is made, counsel may not mention Dr. Howsepian, his report, his
9  diagnoses, or his opinions in the presence of the jury without prior court approval.

10  The government also moves to compel discovery of materials Dr. Howsepian relied on in
11  forming his expert opinion.  This motion is **GRANTED**.  By **8 P.M. ON WEDNESDAY, JANUARY 4**,
12  defendant Franco must produce all materials Dr. Howsepian relied on in coming to his opinions,
13  including:  (1) pre-printed administration forms for the M-Fast and the CAPS that Dr. Howsepian
14  used; (2) Dr. Howsepian's evaluation notes; (3) notes by Raylene Samson (referenced on page
15  one of Dr. Howsepian's report); (4) notes by Raylene Samson of the Victor Franco interview
16  (referenced on page one of Dr. Howsepian's report); and (5) documents reviewed by Dr.
17  Howsepian relating to the defendant's activities as an informant.

19  **IT IS SO ORDERED.**

21  Dated: January 3, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] Although Dr. Howsepian contends that the information sought by Dr. Suarez is not absolutely necessary for Dr. Suarez to formulate his rebuttal opinion, he concedes that "Dr. Suarez's ability to assess Mr. Franco is not optimal in the absence of Mr. Franco's providing all of the information for which Dr. Suarez has inquired" (Dkt. No. 5607-1 at ¶ 6).

2