IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL FRANCO.<br><br>Defendant. | No. CR 08-0730 WHA<br><br>**CLARIFICATION OF RECORD RE INDICTMENT SUMMARY AND STORAGE OF DISCOVERY IN THE COURTROOM** |

For the benefit of the record, this notice clarifies two matters raised during the morning proceedings on January 4.

*First*, defendant Manuel Franco, through counsel Geri Green, previously moved to preclude reading of the indictment to the jury and requested a "neutral statement" of the case be read to the jury instead (Dkt. No. 5439 at 3). This request was granted and the Court ordered the parties to submit by December 28 their proposed language for this "neutral statement" (Dkt. No. 5565 at 9–10). In response, defendant Franco requested that the Court "read Counts One through Four of the Third Superseding Indictment" but did not specify what language the Court should read although those counts included names of other defendants and other material defendant Franco previously indicated he found objectionable (Dkt. No. 5593). The Court accordingly drafted its own neutral summary of the indictment — which was substantially similar to the language used in the summaries read during the prior two trials — and distributed a draft of the proposed summary for counsel comment. When the draft summary was

1  distributed on the morning of January 4, however, Attorney Green requested that in lieu of the
2  summary, the indictment be read with "surplusage" removed. As Attorney Green again failed
3  to identify what language in the indictment she believed was "surplusage," the Court gave her
4  until the morning of January 5 to submit a "line-out" of the indictment so it would be clear
5  which portions she believed should not be read to the jury (Jan. 4 Tr. 8–9). Instead of
6  submitting this "line-out" or any comments/objections to the Court's proposed summary,
7  Attorney Green simply submitted a one sentence "notice" stating "Defendant Manuel Franco
8  does not waive his right to have the Third Superseding Indictment read in full to the jury" (Dkt.
9  No. 5623).

      *Second*, although Attorney Green asserted that the Court previously denied a motion for defense counsel to be given access to a separate room in the courthouse to store trial materials, defendant Franco previously moved for permission to store materials "***in*** or near the trial courtroom" and the Court granted the request (Dkt. Nos. 5440, 5665 at 10) (emphasis added). As the motion stated that counsel wished to have easy access to the materials, the order granting the request specified that counsel could store materials in the courtroom. So as to ease the burden on the court of appeals, it is important that misstatements like the foregoing by counsel be avoided.

Dated: January 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE