IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MANUEL FRANCO,

    Defendant.

                                    /

No. CR 08-0730 WHA

**MEMORANDUM OPINION RE DEFENDANT FRANCO'S OBJECTION TO "ARBITRARY TIME LIMITATIONS" ON EXAMINATION OF WITNESSES**

Counsel for defendant Manuel Franco, now on trial, has filed an objection to "arbitrary time limitations" on her direct and cross examination of witnesses (Dkt. No. 5740). The objection is overruled.

In past criminal trials, the Court can remember no instances in this courtroom where witness time limits were imposed but in this case they have been necessary for three out of 53 witnesses so far in this long trial, the basic reason being that defense counsel has persisted in extended, cumulative, and sometimes improper and argumentative questioning. In the three limited instances where a time limit has been imposed on defense counsel, the undersigned has provided the basis for the limitation and has given counsel numerous opportunities to explain why more time would be justified. Nonetheless, given the instant objection, this memorandum opinion again explains why the time limits were imposed.

*First*, contrary to the impression left by counsel, defense counsel did not object to the time limits when they were set by the undersigned. When an *additional* one hour and 30 minutes (not

including break time) was set for the direct examination of Agent Sandra Flores in the defense case-in-chief — in addition to the two hours and 22 minutes already spent by defense counsel cross-examining Agent Flores during the government's case — defense counsel stated "that's fair enough" without asserting that she would need more time (Jan. 24 Tr. 2602; Dkt. No. 5656). Similarly, when 30 minutes was set for the direct examination of Agent Elizabeth Wickman, defense counsel did not object (Jan. 24 Tr. 2602). Indeed, defense counsel only used 14 minutes of her 30 minutes of allotted time for Agent Wickman (Jan. 25 Tr. 2900; Dkt. No. 5708). As for Agent Christopher Merendino, the 45-minute limit on the defense's direct examination was only set *after* defense counsel specified she only needed 30 minutes with Agent Merendino and the Court generously enlarged the request by 15 minutes on its own motion (Jan. 26 Tr. 2935). In any event, defense counsel only used 38 of her 45 minutes of allotted time for Agent Merendino (Dkt. No. 5742).

*Second*, contrary to defense counsel, the time limits were not arbitrary. As an initial matter, no time limits were imposed until after multiple hours of repetitive defense examination of Agent Flores on an undisputed point — that defendant Franco was, for some period of time, an apparently good informant who provided the FBI with usable information about MS-13 (*see* Jan. 13 Tr. 1684–1782; Dkt. No. 5656).* This was after defense counsel's lengthy cross-examination of Agent Dave Parnell for one hour and 26 minutes to the same effect (Dkt. No. 5653; Jan. 12 Tr. 1453–1576). And even then, no time limits were imposed until the judge explained the Rule 403 problem and allowed defense counsel to articulate — orally and in writing — what further testimony could be elicited from the agents (*see, e.g.,* Jan. 13 Tr. 1790–99; Jan. 17 Tr. 1817; Jan. 24 Tr. 2580–87, 2599). After full consideration of these proffers, as well as counsel's own

---

\* On January 24, defense counsel asserted that she had not yet cross-examined Agent Flores in the government's case-in-chief because the undersigned had authorized her to put over her cross examination until the defense case (Jan. 24. Tr. 2580–81). When this representation was made, however, defense counsel had already cross-examined Agent Flores for two hours and 22 minutes on January 13 and re-crossed Agent Flores for nine minutes on January 17 (Jan. 17 Tr. 1809–13). The discussion of postponing cross-examination of Agent Flores did not arise until January 17 when the undersigned authorized a postponement *of the remainder* of defense counsel's cross-examination, subject to Rule 403.

agreement to the suggested time limits ("that's fair enough"), the time limits were set. Even the limits were expressly subject to being expanded if counsel began to develop fruitful areas of testimony (*see, e.g.,* Jan. 24 Tr. 2602). In the end, Agent Flores was the only witness for whom defense counsel utilized the entire time allotment and even in that instance the undersigned allowed counsel to go past the allotted time by 19 minutes (*see* Jan. 25 Tr. 2790–2877; Dkt. No. 5708). Again, the total examination time for Agent Flores taken by defense counsel was significant — four hours and 24 minutes. Defense counsel's long examination, however, remained exceedingly repetitive and eventually had to be terminated under Rule 403.

 Finally, counsel's assertion that much of her examination time has been eaten up by procedural objections and the antics of a "hostile" witness is a wild accusation not supported by the record.

Dated: February 1, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE