United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION RE DENIAL OF DEFENDANT FRANCO'S REQUEST FOR JUDICIAL NOTICE OF OIG REPORT** |
| MANUEL FRANCO, | |
| Defendant. | |

As stated during the February 2 proceedings, defendant Manuel Franco's request for judicial notice of a 301-page report by the Department of Justice Office of the Inspector General is **DENIED** (Dkt. No. 5745; Feb. 2 Tr. 3468).[*] Even assuming that the report is an appropriate item for judicial notice, the report must be excluded from evidence under Rule 403.

Defendant Franco asserts that the report, entitled "The Federal Bureau of Investigation's Compliance with the Attorney General's Investigative Guidelines," tends to prove that his FBI handlers and their supervisors failed to follow mandatory guidelines in handling him because the report concludes that a sample of FBI files were found deficient and because the San Francisco field office was found to have poor criminal informant compliance rates. The report, however, was published in September 2005 and was based on data collected from various field offices from May 30, 2002, to May 30, 2004 (Report 6). This was almost two years prior to defendant Franco's activation as an FBI informant in February 2006 and is

---

[*] A copy of the report is appended hereto, as it was not included with defendant Franco's motion.

1  irrelevant to the handling of defendant Franco in this case. General practices may have changed
2  after the report was issued and the report itself noted that at the time of publication, the FBI was
3  considering "significant changes" to its human source program (Report 133). Additionally, the
4  findings in the report were based on a *sample* of informant files from various field offices and
5  specifically noted that its findings could not necessarily be extrapolated to all informant files.
6  In any event, it does not follow that the FBI agents in our case handled defendant Franco
7  improperly simply because other FBI agents in the past have failed to comply with some of the
8  Attorney General's guidelines.

9  Defendant Franco also argues that the report will tend to show that the FBI retroactively
10 authorized defendant Franco to attend a gang meeting on September 24, 2005, which would
11 also impeach Agent Sandra Flores' testimony that defendant Franco did not have retroactive
12 authorization. The report does no such thing. The report found that five informant files out of
13 25 reviewed (from unidentified offices) were *non-compliant* with the Attorney General's
14 guidelines because the informant at issue was not authorized in advance to commit otherwise
15 illegal activity (Report 95, 105). In other words, the report highlighted that informants were *not*
16 supposed to be given retroactive authorization to commit otherwise illegal activity. This is
17 consistent with Agent Flores' testimony — and the testimony of other agents — that they were
18 unaware of any retroactive authorization for defendant Franco. The fact that five informants
19 from unidentified offices were *improperly* given retroactive authorization years before
20 defendant Franco was an informant has minimal probative value, if any.

21 In contrast with its minimal probativeness, the lengthy 301-page report carries a high
22 risk of unfair prejudice, confusing the issues, and misleading the jury. In addition to the fact
23 that the report covers periods of time and agents and informants not at issue in our case, much
24 of the report concerns subject matter that is also not at issue in our case — such as warrantless
25 monitoring of suspects and undercover operations. This would only serve to confuse and
26 mislead the jury. The report is also riddled with legal analysis and conclusions, descriptions
27 of criminal prosecutions of other confidential informants, and commentary by law enforcement
28

and prosecutors — all of which are inappropriate for the jury's consideration. The report runs afoul of Rule 403 and no judicial notice of the report will be taken.

**IT IS SO ORDERED**.

Dated: February 3, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3