IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MANUEL FRANCO,

        Defendant.

No. CR 08-0730 WHA

**FINAL CHARGE TO THE JURY**

United States District Court
For the Northern District of California

**1.**

Members of the jury, you have heard all the evidence and closing arguments by counsel. I will now give you some considerations about how to evaluate evidence and will instruct you on the four counts at issue and what the government must prove to sustain a conviction. A copy of all of these instructions will be available in the jury room for you to consult as necessary.

**2.**

It is your duty to weigh and to evaluate all the evidence received in this case and to decide the facts. To those facts you must apply the law as I give it to you. You must apply the law as I give it to you whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

**3.**

You are here to determine whether defendant Manuel Franco is guilty or not guilty of the crimes charged in this case. Your determination must be made only from the evidence received at the trial. Defendant Franco is *not* on trial for any conduct or offense not charged in this case.

**4.**

The charges against defendant Franco are set forth in the indictment. The indictment will not be in the jury room during your deliberations. During jury selection and at the beginning of the trial, I summarized the charges in the indictment for you. Later in these instructions, I will summarize each charge for you and tell you the elements that must be proven by the government. Neither the indictment nor my summaries are evidence.

**5.**

Defendant Franco has pled not guilty. He is presumed to be innocent and has no burden to prove anything. It is important for you to understand that a defendant in a criminal

1   case has a constitutional right not to testify.  No presumption of guilt may be raised, and no

2   inference of any kind may be drawn, from the fact that defendant Franco did not testify.

3   In addition, a defendant does not have to present any evidence to prove his innocence.

4   Defendant Franco began the trial with a "clean slate" — with no evidence against him.

5   As to each count, the government has the burden of proving every element of the offenses.

6   Anytime I say in these instructions that the government has the burden of proof, it means

7   proof beyond a reasonable doubt.

8                                              **6.**

9          Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the

10  defendant is guilty.  It is not enough for the government to prove that it is "more likely than

11  not" that the defendant is guilty.  It is not required, however, that the government prove

12  guilt beyond all possible doubt.

13         A reasonable doubt is a doubt based upon reason and common sense and is not based

14  purely on speculation.  It may arise from a careful and impartial consideration of all the

15  evidence or from lack of evidence.

16         If after a careful and impartial consideration of all the evidence, you are not

17  convinced beyond a reasonable doubt that defendant Franco is guilty as charged, it is your

18  duty to find him not guilty.  On the other hand, if after a careful and impartial consideration

19  of all the evidence, you are convinced beyond a reasonable doubt that defendant Franco is

20  guilty as charged, it is your duty to find him guilty.

21                                             **7.**

22         The evidence from which you are to decide what the facts are consists of:

23         1.      The sworn testimony of witnesses, on both direct and

24                 cross-examination, regardless of who called the witness;

25         2.      The exhibits received into evidence; and

26         3.      Any stipulated facts.

27

28

**8.**

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      A suggestion in a question to a witness is not evidence unless it is agreed to by the answer.

3.      Objections by lawyers are not evidence.

4.      Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5.      Anything you may have seen or heard outside of the trial is not evidence.

**9.**

Certain diagrams, charts and summaries have been shown to you in order to help illustrate the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

**10.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  fact. By way of example, if you wake up in the morning and see that the sidewalk is wet,

2  you may find from that fact that it rained during the night. However, other evidence, such

3  as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore,

4  before you decide that a fact has been proven by circumstantial evidence, you must consider

5  all the evidence in light of reason, experience, and common sense.

6        You should consider both direct and circumstantial evidence. The law permits you to

7  give equal weight to both, but it is for you to decide how much weight to give to any evidence.

8  **11.**

9        For recordings, some were in English. The transcripts were shown to you for your

10  convenience. When the audio recording is in English, however, it is the audio recording

11  itself that is the evidence, not the transcript. If you heard something on the recording

12  different from what appeared in the transcript, what you heard is controlling.

13        For foreign language recordings, however, transcripts of the recordings containing

14  official English-language translations were admitted. In these instances, it is the English-

15  language translation that is the evidence, not the recording. Although some of you may

16  know the Spanish language, you must go by the English-language translation in the

17  transcripts. For foreign language recordings, however, you may consider the tone of voice

18  and, where there is a dispute over what was said, whether the quality of the recording would

19  have impacted the accuracy of the transcription and translation of the recording.

20        Some exhibits may have some Spanish-language writings on them, but will not be

21  accompanied by a translation. You are to disregard and not translate all such Spanish-language

22  writings, except for writings that you find are simply monikers, clique names, or dates.

23  **12.**

24        Some exhibits have redacted passages. You may not speculate about what has been

25  redacted. Redactions are irrelevant material.

26  **13.**

27        In deciding the facts in this case, you may have to decide which testimony to believe

28  and which testimony not to believe. You may believe everything a witness says, or part of

it, or none of it. In considering the testimony of any witness, you may take into account:

    1.      The opportunity and ability of the witness to see or hear or know the things testified to;

    2.      The ability of the witness to remember the events testified to;

    3.      The witness' manner while testifying;

    4.      Any interest of the witness in the outcome of the case;

    5.      Any bias or prejudice;

    6.      Whether other evidence contradicted the witness' testimony;

    7.      The reasonableness of the testimony in light of all the evidence; and

    8.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced evidence. What is important is how much weight you think the evidence deserves.

**14.**

A discrepancy in a witness' testimony or between a witness' testimony and that of other witnesses does not necessarily mean that the witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial may be considered by you.

However, a witness who willfully testifies falsely in one part of his or her testimony may be distrusted in others. You may reject the entire testimony of a witness who has willfully testified falsely on a material point unless, from all the evidence, you believe that the probability of truth favors his or her testimony on other particulars. It is always, however, up to you to decide how much weight to give any testimony by any witness.

**15.**

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these

United States District Court
For the Northern District of California

instructions concerning witness credibility.  In addition to those factors, in evaluating

eyewitness identification testimony, you may also consider:

1. The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting, distance, and angle of view;

2. Whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3. Any inconsistent identifications made by the eyewitness;

4. The witness' familiarity with the subject identified, including whether the offender was of a different race from the witness;

5. The strength of earlier and later identifications;

6. Lapses of time between the event and the identification;

7. The totality of circumstances, including combinations of the foregoing factors, surrounding the eyewitness' identification;

8. The fairness of the photographic lineup shown to the eyewitness; and

9. The fairness of the way in which the lineup was shown to the eyewitness.

Of course, the testimony of an eyewitness should be evaluated in light of other eyewitnesses (if any) and all other evidence in the case.

**16.**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves.

**17.**

You have heard testimony that defendant Franco made statements.  It is for you to decide:  (1) whether he made each statement; and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about each statement, including the circumstances under which defendant Franco may have made it.

**18.**

You have heard several recordings of defendant Franco being interviewed by law enforcement officers. As I previously instructed you, statements made by the law enforcement officers during these interviews are not evidence unless agreed to by defendant Franco.

**19.**

You have heard testimony from witnesses who pled guilty to crimes arising out of the same events for which defendant Franco is now on trial. As stated before, their guilty pleas are not evidence against defendant Franco, and you may consider their guilty pleas only in determining these witnesses' believability.

These and other witnesses entered into cooperation agreements with the government. This means that they agreed to cooperate with the government and to testify on the government's behalf in exchange for a benefit from the government in the form of a recommendation for a reduced sentence in connection with this case or another case or other benefits for themselves or their family members.

You have also heard testimony from witnesses who are alleged to have been accomplices to the crimes charged. An accomplice is someone who voluntarily and intentionally joins with another person in committing a crime.

In evaluating these types of witnesses, you should consider whether and/or to what extent their testimony may have been influenced by any of these factors. You should examine the testimony of these witnesses with greater caution than that of other witnesses.

**20.**

You have heard references to trials of other individuals. As I have previously instructed you, you are not to speculate about what happened in those trials and whether the individuals on trial were found guilty or not guilty. The outcomes of prior trials are irrelevant to this case.

**21.**

You have heard testimony about informants who were involved in the government's investigation. Law enforcement officials may properly engage in stealth and deception,

United States District Court

For the Northern District of California

1   such as the use of informants and undercover agents, in order to investigate criminal

2   activities. Undercover agents and informants may use false names and appearances and

3   assume the roles of members in criminal organizations.

4                                      **22.**

5          During closing argument counsel placed exhibits and transcripts of trial testimony on

6   the Elmo to remind you of certain evidence. This is proper but I need to remind you that

7   while exhibits will be in the jury room for your deliberations, there will not be any trial

8   transcripts for you to see.

9                                      **23.**

10         You have heard closing arguments by counsel. Please remember that nothing said by

11  counsel constitutes evidence. What they said was all argument. That a lawyer said in closing

12  that a witness or document made a certain point at the trial or omitted a certain point may or

13  may not be correct. You should vet all factual contentions by counsel against what you

14  remember the evidence to be and if you remember it differently, your memory of it controls.

15                                     **24.**

16         Now we turn to the specific counts charged in this case. A separate offense is charged

17  in each count. You must decide each count separately.

18         You are free to deliberate over the counts in any order you think most effective. You

19  may possibly determine that certain counts ought to be considered in light of each other and

20  consider them out of strict numerical sequence. To repeat, you are not required to address

21  them in strict numerical sequence, so long as you decide all of the counts eventually.

22                                     **25.**

23         The indictment charges four counts. Your verdict must be unanimous on each of the

24  four. You will receive a special verdict form that may help to guide and organize your answers.

25  The Clerk will now pass out to each of you an individual working copy of the special verdict

26  form. I will pause for a few moments so you can scan the special verdict form. Do not start

27  penciling in any answers. Please leave it totally blank until you begin deliberations.

28

**United States District Court**

For the Northern District of California

**26.**

I will now give you specific instructions of law that you must follow in answering the questions on the special verdict form. I will start with Count One and go through the counts in order, but as I stated, you may deliberate over the counts in any order you think best.

**27.**

Count One charges that defendant Franco — along with others known and unknown — knowingly and intentionally conspired with at least one other person to conduct or to participate in the conduct of the affairs of a racketeering enterprise — MS-13 — in violation of 18 U.S.C. 1962(d). For simplicity, I will refer to this alleged conspiracy as the "RICO conspiracy." RICO refers to the Racketeer-Influenced and Corrupt Organizations Act found at Title 18 of the United States Code. Section 1962(d) makes it unlawful to conspire to do certain things.

In order to prove defendant Franco violated 18 U.S.C. 1962(d), as charged in Count One, the government must prove all of the following elements beyond a reasonable doubt:

*First*, there was a conspiracy between two or more persons to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise, through a pattern of racketeering activity. The terms "enterprise" and "pattern of racketeering activity" will be explained in a moment.

*Second*, defendant Franco knowingly and intentionally joined or became a member of the conspiracy, knowing of its essential purpose and intending to facilitate it. An act is done knowingly if the person is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of defendant Franco's words, acts, or omissions, along with all the other evidence, in deciding whether he acted knowingly.

*Third*, the common understanding and agreement within the conspiracy, including by defendant Franco, was that the enterprise would be conducted in such a way that one or more members of the conspiracy would commit at least two racketeering acts as part of a pattern of racketeering activity. The government is not required to prove that anyone actually committed any racketeering acts or that defendant Franco agreed that he personally would commit two

**United States District Court**
For the Northern District of California

1  racketeering acts. The government must, however, prove defendant Franco was aware of the

2  essential nature and scope of the enterprise and agreed to participate in it, understanding that

3  two or more racketeering acts were contemplated in the conduct of the affairs of the enterprise.

4  Put differently, the government must prove that defendant Franco knowingly and intentionally

5  agreed to facilitate a scheme which included the operation or management of an enterprise

6  through a pattern of racketeering acts. You must unanimously agree on at least two

7  racketeering acts he understood would be committed.

8       I will now define some of these terms for you. Unless I specify otherwise, these

9  definitions apply to all instances where I use the terms in these instructions.

10      **Conspiracy**

11      A conspiracy is a kind of criminal partnership — an agreement between two or more

12 persons to commit a target crime. To be convicted of conspiracy, a defendant must enter into

13 an agreement with at least one other co-conspirator to commit or to cause to be committed a

14 target crime — and must do so knowingly and intentionally. There can be no conspiracy,

15 however, when the only person with whom a defendant allegedly conspired was a government

16 agent or informant.

17      Again, the crime of conspiracy is the agreement to commit a target crime. It does not

18 matter whether the crime agreed upon is ever actually committed. For example, if two people

19 actually agree to rob a bank, it would not matter, for purposes of criminal conspiracy, that

20 they wind up not robbing the bank or even attempting to do so.

21      For an agreement, it is not necessary to have a written or express agreement or

22 complete agreement on all details of the scheme. An informal understanding is enough.

23 Nor is it necessary that all members of a conspiracy join at the same time. One may join a

24 conspiracy after it is already in progress.

25      One may become a member of a conspiracy without full knowledge of all the details

26 of its unlawful scheme and without knowledge of the names, identities or locations of all of

27 the other members. Even if someone does not directly conspire with all or most other

28 conspirators in the overall scheme, he agrees, in effect, to participate in the conspiracy if:

**United States District Court**
For the Northern District of California

(1) he directly conspires with one or more conspirators to carry out at least one of the objects of the conspiracy; (2) he knows or has reason to know that other conspirators were involved with those with whom he directly conspires; and (3) he has reason to believe that whatever benefits he might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy is minor or for a short period of time.  One who willfully and knowingly joins or remains in an existing conspiracy is as responsible for it as any other co-conspirator.  Events that occurred before a conspirator joined a conspiracy may be considered by you to prove the nature and scope of the conspiracy at the time he joined.  On the other hand, one who has no knowledge of the conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a co-conspirator.  Similarly, a person does not become a co-conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists or merely being present at the scene of a transaction or event related to the conspiracy.  The person must be a participant and not merely a knowing spectator.

A conspiracy may begin as a plot to commit a less serious target crime and later be expanded, by agreement, to contemplate a more severe target crime.  So long as the government proves all required elements of the conspiracy to commit the more severe crime, including that the defendant reached a knowing and intentional agreement with one or more persons other than government informants to commit the more severe crime, it does not matter that the conspiracy grew out of an earlier plot to commit less serious crimes.

If you find that a charged conspiracy did not exist, then you must return a not guilty verdict for that conspiracy, even though you may find that some other conspiracy existed.  Similarly, if you find that defendant Franco was not a member of a charged conspiracy, then you must find him not guilty of that charged conspiracy, even though he may have been a member of some other conspiracy.

I said a moment ago that a criminal conspiracy is an agreement to commit a target

12

United States District Court

For the Northern District of California

1  crime.  What is the target crime charged in Count One?  Under the RICO statute, it is a

2  crime to conduct, or to participate in the conduct of, the affairs of an enterprise through a

3  pattern of racketeering activity.  In turn, the RICO statute further makes it a crime to

4  conspire to conduct, or to participate in the conduct of, the affairs of an enterprise through a

5  pattern of racketeering activity.  Count One charges RICO conspiracy.

6       **Enterprise**

7       The term enterprise is part of the requirement that the government prove an agreement

8  to conduct or to participate in the conduct of the affairs of an enterprise.  What is an

9  enterprise?  An enterprise is a group of people who have associated together for a common

10 purpose of engaging in a course of conduct over a period of time.  This group need not be a

11 corporation or formal partnership or other legally recognized entity.  In addition to having a

12 common purpose, the group must have an ongoing organization, either formal or informal, but

13 no particular structure is required.  The personnel of the enterprise may change over time.

14      The government must prove that the charged enterprise itself, or the racketeering

15 activities of those associated with it, had some effect upon interstate or foreign commerce.

16 The effect may occur in any way and it need only be minimal.  This requirement is met if the

17 enterprise or its activities involved interstate or foreign communication devices (e.g.

18 telephone, internet, United States Postal Service) or the possession and use of firearms which

19 traveled in interstate or foreign commerce.

20      **Pattern of Racketeering Activity**

21      The government must also prove that the conspiracy contemplated that the enterprise

22 would be conducted through a pattern of racketeering activity.  A "pattern of racketeering

23 activity" is two or more racketeering acts that have a relationship to each other and that amount

24 to or pose a threat of continued criminal activity.  Racketeering acts have a relationship to each

25 other when they have the same or similar purposes, results, participants, victims, or methods of

26 commission.  Sporadic or widely separated and isolated criminal activity does not form a

27 pattern of racketeering activity.

28

**United States District Court**
For the Northern District of California

**Racketeering Act**

The RICO statute defines a racketeering act to be any of a long list of certain crimes, some of which are other federal crimes and some of which are state crimes. I will now list the racketeering acts alleged in this case and describe them. The two contemplated racketeering acts may be of the same type, for example, two murders; or, the two acts may be one of one type, for example, murder, and one of another type, for example, attempted extortion.

*Murder* — Murder means unlawfully killing a person with malice aforethought. There are two kinds of malice aforethought: express malice aforethought and implied malice aforethought. Proof of either is sufficient to establish the state of mind required for murder. A person acts with express malice aforethought if he has a specific intent to unlawfully kill. A person acts with implied malice aforethought if: (i) the killing results from an intentional act; (ii) the natural consequences of the act are dangerous to human life; and (iii) the act was deliberately performed with knowledge of the danger and with conscious disregard to human life.

Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before committing the act that causes the victim's death. It does not require deliberation or the passage of any particular period of time.

*Attempted Murder* — Attempted murder consists of taking at least one direct but ineffective step toward killing another person and doing so with express malice aforethought — which I defined for you in my discussion of murder. The direct but ineffective step must be more than merely planning or preparing to commit the crime or obtaining or arranging for something needed to commit the crime — it must indicate a certain and unambiguous intent to commit the crime. The act must be an immediate step towards the commission of the crime and must put a plan in motion so that the plan will, if completed, result in the crime being committed.

*Conspiracy to Commit Murder* — Conspiracy to commit murder consists of the following three essential elements: (i) a person specifically and intentionally agrees with one or more others to commit murder; (ii) at the time of the agreement, the person and one

**United States District Court**
For the Northern District of California

1    or more of the other alleged members of the conspiracy harbors express malice aforethought

2    — which I previously defined for you; and (iii) an overt act is committed by one or more of

3    the persons who agree and intend to commit murder.  An "overt act" is an act by one or

4    more of the members of the conspiracy that is done to help accomplish the agreed-upon

5    crime.  The overt act must happen after the person has joined the conspiracy.  The overt act

6    must be more than the act of agreeing or planning to commit the crime, but it does not have

7    to be a criminal act itself.

8    　　　*Solicitation of Murder* — Solicitation of murder consists of the following three

9    essential elements:  (i) a person requests someone else to commit or join in the commission

10   of the crime of murder; (ii) the person specifically intends that the crime of murder be

11   committed; and (iii) the soliciting message is received by the intended recipient.

12   　　　*Robbery* — Robbery consists of the following five essential elements:  (i) a person

13   takes property that is not his or her own; (ii) the property is taken from another person's

14   possession and immediate presence; (iii) the property is taken against that person's will;

15   (iv) the perpetrator uses force or fear to take possession of the property or maintain possession

16   of the property; and (v) when the perpetrator takes the property, he or she specifically intends

17   to permanently deprive the property from whomever it was taken.  The intent to take the

18   property must be formed before or during the time that he or she uses force or fear.  If this

19   intent arises only after the use of force or fear, then there is no crime of robbery.

20   　　　*Attempted Robbery* — Attempted robbery consists of the following two essential

21   elements:  (i) taking a direct but ineffective step toward committing robbery; (ii) with

22   specific intent to commit robbery.  I previously defined "direct but ineffective step" for you

23   in my definition of attempted murder.

24   　　　*Extortion* — Extortion consists of the following four essential elements:  (i) obtaining

25   money or property from a victim; (ii) with the consent of the victim; (iii) when such consent

26   is induced by the wrongful use of force or fear; and (iv) the perpetrator uses force or fear

27   with the specific intent to induce the victim to consent to give up his or her money or

28   property.  The term consent has a special meaning here.  Consent for extortion can be

United States District Court

For the Northern District of California

1   coerced or unwilling, as long as it is given as a result of the wrongful use of force or fear.

2   The threat or use of force must be the controlling reason that the other person consents.  If

3   the other person consents because of some other controlling reason, there is no extortion.

4   The threat may involve harm to be inflicted by the perpetrator or by someone else.

5         *Attempted Extortion* — Attempted extortion consists of the following two essential

6   elements:  (i) taking a direct but ineffective step toward committing extortion; (ii) with the

7   specific intent to commit extortion.  I previously defined "direct but ineffective step" for

8   you in my definition of attempted murder.

9                  *                    *                    *

10        All of the foregoing are state crimes but are incorporated into the federal RICO

11   statute as racketeering acts.  Now I will tell you about other federal offenses that qualify as

12   racketeering acts under the RICO statute.

13        *Possession with Intent to Distribute a Controlled Substance* — Possession with

14   intent to distribute a controlled substance consists of the following two essential elements:

15   (i) knowingly possessing the controlled substance; (ii) with the intent to deliver it to

16   another person.

17        *Narcotics Conspiracy* — The crime of conspiracy to distribute or to possess with

18   intent to distribute a controlled substance consists of the following three essential elements:

19   (i) two or more persons agree either to distribute a controlled substance or to possess a

20   controlled substance with the intent to distribute it; (ii) the accused co-conspirator knows

21   the agreement has an unlawful object or purpose; and (iii) the accused co-conspirator joins

22   in the agreement intending to deliver or transfer possession to another person.

23        *Witness Retaliation and Tampering* — Witness retaliation and tampering means

24   killing or attempting to kill another person with the intent to do one of the following:

25   (i) prevent the attendance or testimony of another person in an official proceeding; (ii) prevent

26   the production of a record, document, or other object in an official proceeding; or (iii) prevent

27   the communication by any person to a law enforcement officer or judge of the United States

28   of information relating to the commission or possible commission of a federal offense or a

**United States District Court**
For the Northern District of California

1   violation of conditions of probation, parole, or release pending judicial proceedings.

2       Witness retaliation and tampering also means using physical force or the threat of

3   physical force against another person, or attempting to do so in order to:  (i) influence, delay, or

4   prevent the testimony of any person in an official proceeding; (ii) cause or induce another person

5   to:  (a) withhold testimony or withhold a record, document, or other object from an official

6   proceeding; (b) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or

7   availability of the object for use in an official proceeding; or (c) be absent from an official

8   proceeding to which that person has been summoned by legal process; or (iii) hinder, delay, or

9   prevent the communication by any person to a law enforcement officer or judge of the United

10  States of information relating to the commission or possible commission of a federal offense or a

11  violation of conditions of probation, parole, or release pending judicial proceedings.

12      *Obstruction of Justice* — Obstruction of justice means influencing, obstructing,

13  impeding, or trying to influence, obstruct, or impede the due administration of justice and

14  doing so corruptly, or by threats or force, or by any threatening communication, with the

15  intent to obstruct justice.

16              *                    *                    *

17      This concludes the list of alleged racketeering acts.  Remember that the government

18  must prove that the conspiracy was to conduct or to participate in the conduct of the affairs

19  of an enterprise through a pattern of racketeering activity, including at least two alleged

20  racketeering acts.

21      Your verdict on Count One, if unanimous, must be entered under Question 1A on the

22  special verdict form.  You will do the same for all other counts — enter your unanimous

23  verdict for each count under the question that corresponds to that count.

24                          **28.**

25      If you find defendant Franco guilty of the RICO conspiracy in violation of 18 U.S.C.

26  1962(d), you must then determine whether the government has proven beyond a reasonable

27  doubt that certain particular offenses were part of the pattern of racketeering activity that he

28  knowingly and intentionally agreed would be committed within the essential nature and scope

17

United States District Court

For the Northern District of California

1   of the enterprise and fill out Question 1B on the special verdict form accordingly. These

2   offenses are: (1) murder; and (2) conspiracy to commit murder. The elements of these offenses

3   were just provided to you. You must determine whether defendant Franco knowingly agreed

4   that either of these two offenses would be part of the activity taken in furtherance of the RICO

5   conspiracy charged in Count One. Your decision must be unanimous.

**29.**

7        Turning to Count Two, it is another conspiracy charge against defendant Franco but

8   charges a different type of conspiracy. Count Two charges that defendant Franco — along with

9   others known and unknown — knowingly and intentionally conspired to commit murder in aid

10   of racketeering in violation of 18 U.S.C. 1959(a)(5). Specifically, the indictment alleges that

11   defendant Franco agreed to kill actual and suspected Norteños, actual and suspected members

12   of other gangs, and individuals suspected of cooperating with law enforcement, in order to gain

13   entrance to, or to maintain or increase his position in the alleged enterprise. This is not an

14   alleged RICO conspiracy but an alleged conspiracy under 18 U.S.C. 1959(a)(5).

15        In order to prove defendant Franco violated 18 U.S.C. 1959(a)(5), the government

16   must prove the following elements beyond a reasonable doubt.

17        *First*, an enterprise affecting interstate or foreign commerce existed. The requirements

18   to prove an enterprise were previously explained to you in my discussion of Count One.

19        *Second*, the enterprise engaged in racketeering activity. Racketeering activity was

20   previously defined for you in my discussion of Count One.

21        *Third*, defendant Franco knowingly and intentionally conspired to commit murder.

22   The elements the government must prove beyond a reasonable doubt to establish a conspiracy

23   to commit murder were previously explained to you in my discussion of Count One.

24        *Fourth*, defendant Franco's purpose in conspiring to commit murder was to gain

25   entrance to, or to maintain or increase his position in the enterprise. It is not necessary for the

26   government to prove that this motive was his sole purpose, or even his primary purpose in

27   committing the charged crime. You need only find that gaining entrance to, or maintaining or

28   increasing his position in the enterprise was a substantial purpose or that he committed the

18

**United States District Court**
For the Northern District of California

1    charged crime as an integral aspect of membership in the enterprise.  An incidental

2    motivation, however, is not enough.

3        In determining defendant Franco's purpose in committing the alleged crime, you

4    must determine what he had in mind.  Since you cannot look into a person's mind, you have

5    to determine purpose by considering all the facts and circumstances before you.

6                                            **30.**

7        Turning to Count Three, it is yet another conspiracy charge.  Count Three charges

8    that defendant Franco — along with others known and unknown — knowingly and

9    intentionally conspired to commit assault with a dangerous weapon in aid of racketeering in

10   violation of 18 U.S.C. 1959(a)(6).  Specifically, the indictment alleges that defendant Franco

11   agreed to attack with firearms, knives, and other dangerous weapons actual and suspected

12   Norteños, actual and suspected members of other gangs, and individuals suspected of

13   cooperating with law enforcement, in order to gain entrance to, or to maintain or increase his

14   position within the alleged enterprise.

15       In order to prove defendant Franco violated 18 U.S.C. 1959(a)(6), the government

16   must prove the following elements beyond a reasonable doubt.

17       *First*, an enterprise affecting interstate commerce existed.  The requirements to

18   prove an enterprise were previously explained to you in my discussion of Count One.

19       *Second*, the enterprise engaged in racketeering activity.  Racketeering activity was

20   previously defined for you in my discussion of Count One.

21       *Third*, defendant Franco knowingly and intentionally conspired to commit assault

22   with a dangerous weapon.  In order to prove conspiracy to commit assault with a dangerous

23   weapon, the government must show that defendant Franco specifically intended to agree and

24   did agree with one or more other persons to intentionally and unlawfully commit assault

25   with a dangerous weapon, and that an overt act was committed by one or more persons who

26   agreed and intended to commit the assault.  Overt act was previously defined for you in my

27   discussion of Count One.

28       *Fourth*, defendant Franco's purpose in conspiring to commit assault with a dangerous

                                              19

United States District Court
For the Northern District of California

1  weapon was to gain entrance to, or to maintain or increase his position in the enterprise.  As

2  stated before, it is not necessary for the government to prove that this motive was his sole

3  purpose, or even his primary purpose in committing the charged crime.  You need only find

4  that gaining entrance to, or maintaining or increasing his position in the enterprise was a

5  substantial purpose or that he committed the charged crime as an integral aspect of

6  membership in the enterprise.  An incidental motivation, however, is not enough.

7       In determining defendant Franco's purpose in committing the alleged crime, you

8  must determine what he had in mind.  Since you cannot look into a person's mind, you have

9  to determine purpose by considering all the facts and circumstances before you.

10      I have not yet provided you with a definition of assault with a dangerous weapon.

11  Assault with a dangerous weapon consists of the following essential elements.  *First*, someone

12  willfully does an act with a dangerous weapon that by its nature would directly and probably

13  result in the application of force to a person.  Someone commits an act "willfully" when he

14  does it willingly or on purpose.  It is not required that he intend to break the law, hurt

15  someone else or gain any advantage.  *Second*, when the accused person acts, he is aware of

16  facts that would lead a reasonable person to realize that his act by its nature would directly

17  and probably result in the application of force to someone.  *Third*, when the accused person

18  acts, he has the present ability to apply force with a dangerous weapon to a person.

19                                          **31.**

20      Count Four charges defendant Franco with possessing a firearm in furtherance of a

21  crime of violence in violation of 18 U.S.C. 924(c).  The crimes of violence alleged in this

22  count are:  RICO conspiracy in violation of 18 U.S.C. 1962(d), as charged in Count One;

23  conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5), as

24  charged in Count Two; and conspiracy to commit assault with a dangerous weapon in aid of

25  racketeering in violation of 18 U.S.C. 1959(a)(6), as charged in Count Three.  If you find

26  defendant Franco not guilty of all of Counts One, Two, and Three, then you must also find

27  him not guilty of Count Four.  If you find defendant Franco guilty of Counts One, Two, or

28  Three, you must still consider whether he is guilty of Count Four.

**United States District Court**
For the Northern District of California

1     In order for defendant Franco to be found guilty of Count Four, the government must

2 prove the following beyond a reasonable doubt:

3     *First*, defendant Franco committed at least one of the crimes charged in Counts One,

4 Two, or Three — all of which alleged crimes I instruct you are crimes of violence within the

5 meaning of the law.  You must all unanimously agree on which of Counts One, Two, or

6 Three he committed, if any.

7     *Second*, defendant Franco knowingly possessed a firearm.  An act is done knowingly

8 if the person is aware of the act and does not act through ignorance, mistake, or accident.

9 You may consider evidence of defendant Franco's words, acts or omissions, along with all

10 the other evidence, in deciding whether he acted knowingly.

11     *Third*, defendant Franco possessed the firearm in furtherance of any crime proven

12 under Count One, Two, or Three.

13     A person possesses a firearm if the person knows of its presence and has physical

14 control over it, or knows of its presence and has the power and intention to control it.  More

15 than one person can be in possession of something if each knows of its presence and has the

16 power and intention to control it.

17     In the alternative, defendant Franco may be found guilty of this count even if he did

18 not commit the act or acts constituting the crime but aided and abetted in its commission.

19 To prove defendant Franco guilty of aiding and abetting, the government must prove the

20 following beyond a reasonable doubt:

21     *First*, the crime of possessing a firearm in furtherance of a crime of violence — as

22 charged in this count — was committed by someone;

23     *Second*, defendant Franco knowingly and intentionally aided, counseled, commanded,

24 induced, or procured that person to commit each element of the crime; and

25     *Third*, defendant Franco acted before the crime was completed.  It is not enough that

26 he merely associated with the person committing the crime, or unknowingly or

27 unintentionally did things that were helpful to that person, or was present at the scene of the

28 crime.  The evidence must show beyond a reasonable doubt that he acted with the knowledge

United States District Court

For the Northern District of California

and intention of helping that person commit the charged crime.

If the government relies on aiding and abetting, the government is not required to prove who committed the crime but is required to prove that defendant Franco knowingly and intentionally aided and abetted each element of the offense by the other person.

There is one other theory under which defendant Franco may be found guilty of this count. Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. In other words, if one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also — under the law — committed that crime. Therefore, you may find defendant Franco guilty of this count if the government has proved each of the following beyond a reasonable doubt:

*First*, the crime of possessing a firearm in furtherance of a crime of violence — as charged in this count — was committed by someone;

*Second*, that same person who committed the crime was a member of one of the conspiracies charged in Count One, Two, or Three;

*Third*, the person committed the crime in furtherance of that same conspiracy;

*Fourth*, defendant Franco was a member of the same conspiracy at the time the crime was committed; and

*Fifth*, the crime fell within the scope of the unlawful agreement that was the subject of the conspiracy and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**32.**

Defendant Franco contends that he was authorized by government law enforcement officers to commit the acts charged in Counts One, Two, Three, and Four. If a person engages in conduct that violates a criminal statute at the request of a government law enforcement officer, with a sincere and reasonable belief that he is acting as an authorized government agent to assist in law enforcement activity, then that person may not be convicted of that otherwise illegal act, because the requisite criminal intent is lacking.

United States District Court
For the Northern District of California

1      As such, you may not convict defendant Franco on any count unless the government

2  proves beyond a reasonable doubt that defendant Franco did *not* have a sincere and

3  reasonable belief that he was acting as an authorized government agent to assist in law

4  enforcement activity when he committed the offense charged in that count.

5      Each count must be evaluated separately.  The fact that defendant Franco was

6  authorized to commit one crime does not necessarily mean he was authorized to commit

7  another crime.  Similarly, if defendant Franco had a sincere and reasonable belief that he was

8  acting as an authorized agent to assist in law enforcement activity with respect to one crime, it

9  does not necessarily follow that he had a sincere and reasonable belief as to other crimes.

10      **33.**

11      Now I will provide you with more general instructions that apply more broadly to all

12  or at least some of the counts.

13      **34.**

14      It is not a crime simply to be a member of a gang.  Rather, as I have already

15  described, the crimes charged in this case allege specific federal crimes.  In deciding whether

16  the government has proven the required elements of the crimes charged, you may consider

17  the fact of gang membership, if proven, and give it such weight as you think it deserves in

18  deciding whether the required elements have been proven for the crimes charged.

19      **35.**

20      The punishment provided by law for the alleged crimes is for the Court to decide,

21  if a guilty verdict is returned.  You may not consider punishment in deciding whether the

22  government has proven its case against defendant Franco beyond a reasonable doubt.

23  Punishment is an entirely separate matter not relevant here and on which you should not

24  speculate or base your decision in any way.

25      **36.**

26      When you begin your deliberations, you should elect one member of the jury as your

27  foreperson.  That person will preside over the deliberations and speak for you here in court.

28  I recommend that you select a foreperson who will be good at leading a fair and balanced

discussion of the evidence and the issues.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each count, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**37.**

Most, if not all, of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes. When you go into the jury room, the Clerk will bring you the trial exhibits received into evidence to be available for your deliberations.

**38.**

When you retire to the jury room to deliberate, you will have with you the following:

1.   Exhibits received into evidence;

2.   Possibly an index to the exhibits (but please remember that the index is not itself evidence);

3.   A work copy of these jury instructions for each of you;

4.   A work copy of the verdict form for each of you; and

5.   An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not inadvertently see any of your work in progress.

**39.**

The admitted exhibits will be placed in the jury room during your deliberations with the exception of the firearms and ammunition. If you wish to examine the firearms and ammunition, please send out a note and we will make arrangements for you to do so.

**40.**

As I said, you will have the exhibits in the jury room. Most of the exhibits were displayed on the Elmo and some witnesses used the computer graphics feature to draw lines, arrows, X's, and so forth. Those graphic drawings are not in evidence but most were preserved and if you wish to see any of those graphics again, you may request to reconvene in the courtroom to re-view a graphic, assuming it was preserved.

**41.**

In your deliberations it is usually a mistake to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels. Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is up to you to decide on how you wish to deliberate.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the innocence or guilt of defendant Franco, until after you have reached a unanimous verdict or have been discharged.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**42.**

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know through the marshal in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

**43.**

You may only deliberate when all twelve of you are together in the same room. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

**44.**

Some of you are serving as alternate jurors. As such, you will not be deliberating with the rest of the jury at the outset. You will leave before the jury begins its deliberations. You may, however, be called in to replace one of the jurors. Your responsibilities as an alternate therefore remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you will not be needed, you will be notified as soon as the Court itself makes that determination.

Sometimes alternate jurors are tempted to tell the main twelve jurors how they feel about the case before they leave and sometimes the main twelve jurors are tempted to seek

United States District Court

For the Northern District of California

1   the input of the alternates before the alternates leave. No, you must not do this. The twelve

2   jurors may not receive or consider the views of the alternates unless and until, if ever, one or

3   more alternates are sworn into the main jury.

4                                              **45.**

5        If and when you have reached a unanimous agreement on a verdict, your foreperson

6   will fill in, date and sign the master copy of the verdict form, and advise the Court through

7   the marshal that you have reached a verdict. The foreperson should hold onto the filled-in

8   verdict form and bring it into the courtroom when the jury returns the verdict.

9        I am about to ask all of you to return to the jury room. Our alternate jurors should

10   first proceed to the jury room and retrieve their personal items and return to work or home,

11   as the case may be. As soon as they have done so, the marshal will then escort the

12   remaining twelve jurors to the jury room. Please do not begin your deliberations until all

13   twelve of you are in the jury room together and the alternate jurors have left. The Clerk will

14   bring the trial exhibits into the jury room. Thank you all for your careful attention. The case

15   is now in your hands. You may now retire to the jury room and begin your deliberations.

16

17

18   Dated:  February 7, 2012.                    _____

19                                               WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28